Paul Rider and others, administrators &c., *v.* William D. Powell.

Where, in an action, brought to have a bond and mortgage reformed, so as to conform to a parol contract between the parties, in pursuance of which, it was alleged, they were given, the judge found that the bond and mortgage were not in conformity, in their terms, with the parol contract, and that there was a mistake of fact on the part of the plaintiff in relation to the writings, and that he was entitled to have the same reformed, and directed judgment to be entered accordingly; but without finding whether or not there was any fraud, or mistake of fact on the part of the defendant as to the terms of the instruments; *it was held* that the rule for judgment in favor of the plaintiff, was to be construed as a finding of the necessary facts.

This action was brought to reform a bond and also a mortgage on a farm in Delaware county, executed by the defendant to George Rider, the original plaintiff, who has died since the trial.

The facts are, that on the 3d day of March, 1858, George Rider, since deceased, made an oral contract with the defendant to sell him his farm and certain personal property on the same, for $4600. Defendant to have possession immediately after the execution of the proper writings, which were to be executed the next day. The defendant was to pay Rider $100 down—$1000 more on or before the 1st day of the following April—secure $500 more by an indorsed note, payable with interest, on the 1st day of December, 1858, and execute a bond and mortgage on the farm to Rider, to secure the payment of $3000, and interest as follows: $300 on the 1st day of December, 1859, and interest on the whole sum of $3000, from date; the sum of $300 on the 1st day of December, 1860, with interest on the whole sum remaining unpaid; and the sum of $300 on the 1st day of December, in each and every year thereafter, with annual interest on the whole sum remaining unpaid, until the whole sum of $3000 should be fully paid; and at the time of the execu-

tion of the bond and mortgage, Rider and wife were to convey the farm by warranty deed to the defendant.

On the 4th day of March, 1858, Rider and wife conveyed the farm to the defendant by a warranty deed duly executed and acknowleged by them.  The defendant then paid Rider $1100 in money, and gave him an indorsed note for $500 payable with interest, on the 1st day of December then next.  The defendant then executed a bond to Rider and also a mortgage to him on the farm, to secure the payment of $3000 and interest.  But by reason of a mistake on the part of Rider, he accepted such bond and mortgage, although they only provided for the payment of $300 with interest on the same, on the 1st day of December, in each year until and including 1868, so that by them Rider was not entitled to interest *annually* on the portion of the $3000 unpaid.  The defendant took possession of the farm and personal property and paid Rider the $1000 cash before April 1, 1858, according to the terms of the oral contract.

The next day after Rider took the bond and mortgage, he discovered that they did not secure the payment of interest annually on the portion of the $3000 unpaid, in each year; but only the interest on $300 in each year until the $3000 should be fully paid.  · Rider then went to the defendant and offered him the bond and mortgage, note and money he had received of him, and demanded his deed of him, or that the defendant execute to him a bond and mortgage in conformity with their oral contract.  But the defendant refused to do any thing about it.

The judge before whom the action was tried found that the bond and mortgage, executed by the defendant, were not in conformity, in their terms, with the oral contract between the parties, and that there was a mistake of fact on the part of the plaintiff in relation to the bond mortgage, and that Rider was entitled to have the same reformed.  He did not find whether or not there was any fraud or mistake of fact on the part of the defendant, as to the terms of the bond or

mortgage. He gave judgment in favor of Rider that the bond and mortgage be reformed so that they would conform to the oral contract between the parties; which judgment was affirmed at a general term of the Supreme Court in the 6th district. Rider has since died, and his administrator and administratrix have been substituted as plaintiffs in the action. The defendant appealed from the judgment to this court.

*James B. Olney,* for the respondents.

*A. J. Parker,* for the appellant.

BALCOM, J. Rider and wife conveyed the farm to the defendant, and he took possession of it and also of the personal property he purchased with it. He paid Rider $1100 in cash, and gave him an indorsed note for $500 in part payment of the purchase money. The oral contract therefore was so far performed as to relieve it from the operation of the statute of frauds; and the defendant could not retain the farm and personal property without giving Rider such a bond and mortgage as their oral contract called for, unless the fact that there was no fraud or mistake on the part of the defendant, as to the terms of the bond and mortgage he gave to Rider, justified him in so doing.

Parsons says: "The question has often come before our courts, whether oral evidence can be received to show the mistake, (in a written contract,) and thereby make it in fact a new contract, when an oral contract would be void or not enforceable by the statute of frauds. The course of adjudication is not uniform on this point. But while it can not be denied that numerous authorities support a disregard of the statute in such cases, others maintain its authority." (1 Par. on Con., 3d ed. 555.) Justice STORY puts the case, "where the party plaintiff seeks, not to set aside the agreement, but to enforce it, when it is reformed and varied by the parol

evidence;" and. then says: "A very strong inclination of opinion has been repeatedly expressed by the English courts, not to decree a specific performance in this latter class of cases; that is to say, not to admit parol evidence to establish a mistake in a written agreement, and then to enforce it, as varied and established by that evidence. On various occasions such relief has, under such circumstances, been denied. But it is extremely difficult to perceive the principle upon which such decisions can be supported, consistently with the acknowledged. exercise of jurisdiction in the court to reform written contracts, and to decree relief thereon. In America, Chancellor Kent, after a most elaborate consideration of the subject, has not hesitated to reject the distinction as unfounded in justice, and has decreed relief to a plaintiff, standing in the precise predicament." (1 Story's Eq. J. 7th ed. § 161.) Archer J. in delivering the opinion of the court, in *Moale* v. *Buchanan et al.* (11 Gill and Johnson, 325,) said: "Had the agreement been entirely by parol, and a part performance, the complainant would have been entitled to relief. Shall he be in a worse situation by having attempted to reduce the whole agreement into the form of a conveyance, if he shall make an omission in the conveyance, by mistake of an essential part of the agreement?" He then answers this interrogatory in the negative, and refers to the opinions of Chancellor Kent, in *Gillespie and wife* v. *Moon,* (2 John. Ch. R. 585,) and *Keisselbrack* v. *Livingston,* (4 id. 144.)

A judgment was given by this court in *De Peyster* v. *Hasbrouck,* (1 Kernan, 582,) reforming a mortgage and enforcing it against premises not originally embraced therein.

The Supreme Court was therefore justified by authority as well as principle in reforming the bond and mortgage in this case, unless the fact that there was no fraud or mistake on the part of the defendant in fixing their terms, or respecting their terms, renders such decision erroneous. The decisions in *Mathews* v. *Terwilliger,* (3 Barb. 50,) and *Quick* v. *Stuy-*

*vesant,* (2 Paige's Ch. Rep. 84,) support this conclusion instead of militating against it.

I am not aware of any adjudged case, in which it has been held that there must be a mutual mistake of fact by the parties to a written contract or some fraud on the part of the party not mistaken, to entitle the party who made the mistake and who suffers by it, to have such contract reformed so that it will truly express the oral agreement of the parties which was to be carried into effect by the written contract; and such a doctrine would be contrary to good sense and sound principle.(*a*) In *Matthews* v. *Terwilliger,* (*supra,*) Gridley J. said: "Now if by the actual agreement of the parties, Matthews was to pay interest on the purchase price of the farm, how did it happen that the written contract which should have truly expressed the agreement of the parties, wholly omitted all mention of interest? Was it by the fraudulent design of the complainant, or by the mistake and inadvertence of the defendant? If it was owing to *either* of these causes, then the complainant is not entitled to have the written contract, on which he has founded his bill, performed; but the defendant is entitled to have it reformed, and the mistake corrected." In that case the complainant endeavored to compel the defendant to specifically perform a contract for the sale of his farm, and the latter set up a mistake in the contract by the omission of an undertaking on the part of the complainant to pay interest on the portion of the purchase money which was not to be paid down; and there was no mistake on the part of the complainant as to the terms of the contract as written and signed by the parties, and it was framed precisely as he intended it should be. See *Haire* v. *Baker,* (1 Selden, 357. Also see 8 Cowen, 195; 1 Wend. 355.)

It seems to me to be entirely clear, upon principle, that Rider was entitled to have the bond and mortgage reformed so that they would conform to the oral agreement of the par-

(*a*) Rosekrans, J. protested against this doctrine.

ties for the sale of the farm, although the defendant ·may have known, at the time they were executed, that they varied from such oral agreement, and did not say or do anything to induce the scrivener to draw them differently from what they should have been drawn. And as there is no controlling authority to the contrary, I am of the opinion that this court should so hold, and affirm the judgment in the case, with costs.

DAVIES, ROSEKRANS and SELDEN, Js. were also for affirmance; the latter on the ground that there *must* have been fraud, or a mutual mistake.

WRIGHT, J. (dissenting.) The action was to have the defendant's bond and mortgage reformed so as to conform to a parol contract between the parties, in pursuance of which it was alleged they were given. The bond and mortgage were to secure the payment of $3000, (a part of the purchase money of the plaintiff's farm,) in ten annual installments of $300 each. As drawn, interest was to be paid annually on the different installments; but there was no provision for the payment of the interest on the whole principal remaining unpaid, at the time of the payment of such annual installments. In the latter particular the reformation or correction of the bond and mortgage were asked for. The pleadings admitted a ·parol· contract between the plaintiff and defendant, for the sale of· the farm of the plaintiff, for the price of $4600, of which sum $3000 was to be paid in ten annual installments of $300 each; the first payment to be made on the 1st of December, ·1859, and the remaining payments on the 1st of December of each year thereafter; and which sum of $3000 was to be secured by the defendant's-bond and mortgage on the premises. The complaint alleged the contract to have been, that the plaintiff was to have interest annually on the whole sum of $3000; whereas the defendant, in his answer, averred that that sum was made payable in ten annual

payments of $300 each, with interest on such annual payments. The judge who tried the cause found only the single fact, viz. that there was a mistake on the part of the plaintiff as to the interest he was to receive by the bond and mortgage; and decided that as matter of law, he was entitled to have his mistake corrected, and the bond and mortgage amended or modified, so that he should recover annual interest on the whole sum unpaid, and directed a judgment accordingly.

We can only review the case upon the pleadings and facts found by the judge; and the question is, whether in a case where a contract between parties provides for the performance of a particular act by them, such contract is entitled to be reformed, in equity, because there has been a mistake on the part of one of the contracting parties, as to its terms, when such mistake is not occasioned by any fraud practiced by the other party.

I suppose the rule to be, that when there is a mistake on one side, (and not a mutual mistake,) it may be a ground for rescinding a contract, or for refusing to enforce its specific performance, but not a ground for altering its terms. (Adams' Equity, 171.) A mistake by the plaintiff when he made the contract, as to the interest he was to receive on the bond and mortgage, would not entitle him to have the contract so modified as to conform to his mistaken impression, though it might be a reason for rescinding the contract on the ground that the minds of the parties never met in making it. In *Lyman* v. *United Insurance Co.*, (17 John. R. 375,) Chief Justice Spencer lays down the true rule of law to govern the case, (whether the mistake found relates to the bargain or to the taking of the bond and mortgage,) that "before a written contract can be amended or altered on the pretense of mistake, the proof must be entirely clear that that mistake has occurred; and secondly, that the amendment sought would conform the contract to the intention of both parties."

If we were to look, however, in this case, beyond the find-

ings of fact by the court, it is clear that the deed, bond and mortgage constituted the true contract, and that all previous negotiations were merged in them.   It would be a violation of the plainest elementary principles to permit a party who has entered into a written contract, to have the written contract altered so as to conform to his understanding of a previous negotiation, when the opposite party understood it differently, and as it was set forth in the written contract.   The parol bargain was void by the statute of frauds; neither possession being taken under it or consideration paid.   It was after the deed, bond and mortgage were executed and delivered, and under them the money was paid and possession taken.   The court was asked in the case not only to enforce an agreement void by the statute, but one that the parties did not understand alike.

The judgment of the Supreme Court should be reversed and a new trial ordered, with costs to abide the event.

Denio, Chief Justice, and Emott, J. were also for reversal.   Marvin, J., while concurring with Wright, J. in his dissenting opinion, as to the law, was for affirmance on the construction which he (Marvin) gave to the judge's finding of facts; and finally the *rule for judgment* in favor of the plaintiff was construed as *a finding of the necessary facts,* viz. fraud or a mistake of fact on the part of the defendant. And the judgment of affirmance went upon that theory.

Judgment affirmed.