CHRISTOPHER MEYER, Respondent, *v.* FRANCIS S. LATHROP, as Assignee, etc., Impleaded, etc., Appellant.

In an action to foreclose certain mortgages it appeared that plaintiff received of W., then the owner of the mortgaged premises, twelve promissory notes executed by W., and gave to the latter a receipt stating that he received the notes in full for principal and interest of the bonds and mortgages, and agreeing to assign to such parties as W. might designate

when called for. *Held*, that the instrument showed upon its face a payment of the mortgages, and that, as it was unambiguous, parol evidence was not admissible to explain or vary it.

But *held*, that evidence was competent showing that there was a mistake, that this was not the agreement of the parties, and that the instrument was executed by plaintiff and accepted by W. in entire misapprehension as to its nature and effect.

Also *held*, that as there was evidence in the case sufficient to justify a finding that there was a mistake, such a finding would be presumed for the purpose of sustaining a judgment in favor of plaintiff entered upon the report of a referee.

Also *held*, that it was not necessary to set forth the mistake in the complaint, and to ask for a reformation of the agreement, as the action was not founded thereon, and plaintiff was not bound to anticipate the defense; also that it was an affirmative defense not requiring a reply, and when the agreement was presented on the trial plaintiff had the right to meet it by evidence of the mistake.

(Argued March 26, 1878; decided April 16, 1878.)

APPEAL on the part of defendant Lathrop from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 10 Hun, 66.)

This action was brought to foreclose four mortgages of $3,060 each, made by the defendant Fickett to one Herbert, and assigned first to Beckwith and then to the plaintiff.

The premises covered by the mortgages were conveyed by Fickett to James A. Williamson, who assumed the payment of the mortgages. On the 19th day of June, 1874, when Williamson was the owner of the premises, and the plaintiff was the holder of the mortgages, Williamson made his twelve several promissory notes for upwards of $1,000 each, payable to his own order, one every month, which were indorsed by him in blank, and delivered to the plaintiff, who accepted them, and at the same time signed and delivered to Williamson the following instrument:

"NEW YORK, *June* 19, 1874.

"Received from James A. Williamson his twelve promissory notes, as per memorandum above, being in full for prin-

cipal and interest of four bonds and mortgages made by H. E. Fickett on four houses and lots on Wythe avenue, Brooklyn, which B. and M. I hereby agree to assign to such parties as he may designate when called for.

"C. MEYER."

The first three of these twelve notes were paid, and the plaintiff offered to surrender the remaining nine on the trial. Before the commencement of this action Williamson was adjudged a bankrupt, and the defendant Lathrop was appointed his assignee in bankruptcy.

This action was defended by defendant Lathrop, on the ground that the acceptance of the promissory notes, and the giving of this instrument by the plaintiff was a payment of the mortgages.

The further material facts appear in the opinion.

*William G. Wilson*, for appellant. Plaintiff, by the receipt given by him June 19, 1874, parted with *all* beneficial interest in the bonds and mortgages in suit, and it could not be varied by parol testimony. (*Van Bokkelen* v. *Taylor*, 62 N. Y., 105; *Veeder* v. *Cooley*, 2 Hun, 74; *Woodbridge* v. *Spooner*, 3 B. & Ald., 233; *Beard* v. *White*, 1 Ala., 439; *Fairfield Co. Turnpike Co.* v. *Thorp*, 13 Conn., 172; *Isaacs* v. *Elkins*, 11 Vt., 682; *Adams* v. *Woodley*, 1 M. & W., 379; *Hutchins* v. *Hebbard*, 34 N. Y., 34; *Buswell* v. *Pomeer*, 37 id., 312; *Barker* v. *Bradley*, 42 id., 316; *Hope* v. *Balen*, 58 id., 380; 1 Greenl. Ev., § 282; *Egleston* v. *Knickerbocker*, 6 Barb., 458; *Coon* v. *Knapp*, 8 N. Y., 402; *Milton* v. *H. R. Steamboat Co.*, 4 Lans., 76; *Wells* v. *The Navigation Co.*, 8 N. Y., 375.) There was no case made for the reformation of the instrument on the ground of fraud or mistake. (*Jackson* v. *Hayner*, 12 J. R., 471; *Hallenbeck* v. *De Witt*, 2 id., 404; *Faucett* v. *Currier*, 109 Mass., 79; *Greenfield's Est.*, 14 Penn. St., 496; 2 Story's Eq. Jur., § 200 a; *Bush* v. *Tilley*, 49 Barb., 604; *Leavitt* v. *Palmer*, 3 N. Y., 38; 5 Bosw., 245; 1 Greenl. Ev., 296 a; *Lyman* v. *U. Ins. Co.*, 17 J. R., 376; *Phœnix Fire Ins. Co.* v. *Gurnee*, 1 Paige,

279; *Boardman* v. *Davidson*, 7 Abb. Pr. [N. S.], 439; *Nevins* v. *Dunlap*, 33 N. Y., 680; *Kent* v. *Manchester*, 29 Barb., 597; *Pennell* v. *Wilson*, 2 Abb. Pr. [N. S.], 469.)

*W. H. Williams*, for respondent. The bonds and mortgages were not extinguished by the delivery by Williamson of his promissory notes and their acceptance by plaintiff. (*Cole* v. *Sackett*, 1 Hill, 518; *Frisbie* v. *Larned*, 21 W. R., 452; *Soffe* v. *Gallagher*, 3 E. D. Smith, 507; *Corlies* v. *Cumming*, 6 Cow., 181; *Muldon* v. *Whitlock*, 1 id., 290, 306; *Olcott* v. *Rathbone*, 5 W. R., 490; *Hawley* v. *Foote*, 19 id., 516; *Hughes* v. *Wheeler*, 8 Cow., 77; *Winstead Bank* v. *Webb*, 39 N. Y., 325; *Syracuse R. R. Co.* v. *Collins*, 3 Lans., 29; *Smith* v. *Miller*, 43 N. Y., 171; *Hill* v. *Beebe*, 13 N. Y., 556; *Waydell* v. *Luer*, 5 Hill, 448; *Gregory* v. *Thomas*, 20 W. R., 17.) The burden of proof was on defendants of showing affirmatively that plaintiff agreed to take the notes in payment, and intended that the bonds and mortgages should be extinguished by them. (*Vail* v. *Foster*, 4 N. Y., 312; *Waydell* v. *Luer*, 3 Den., 410; *Hill* v. *Beebe*, 13 N. Y., 562; *Bouswell* v. *Poineer*, 37 id., 312; *Noel* v. *Murray*, 13 id., 167; *Turner* v. *Bank of Fox Lake*, 3 Keyes, 425; *Flower* v. *Lance*, 59 N. Y., 608.) The receipt contained an agreement to assign, and no extinguishment of the bonds and mortgages could be predicated thereon. (*Champry* v. *Coope*, 32 N. Y., 543; *Dawes* v. *Chamberlin*, Ct. Apps., 1860; *Mickles* v. *Townsend*, 18 N. Y., 582.) The agreement was not an accord and satisfaction. (*Day* v. *Roth*, 18 N. Y., 448; *Russell* v. *Lytle*, 6 Wend., 391; *Tilton* v. *Alcott*, 16 Barb., 598; *Van Allen* v. *Jones*, 10 Bosw., 369.) The burden of proof to show that the parties intended, by the receipt, to effect an actual transfer and sale was on the defendants. (*Heinemann* v. *Heard*, 62 N. Y., 455; Chitty on Contr. [10th Am. ed.], 118; *Hutchins* v. *Hebbard*, 34 N. Y., 24; *Barker* v. *Bradley*, 42 id., 316; *Hope* v. *Balen*, 58 id., 382; Greenl. Ev., vol. 1, p. 284 *a*.) The agreement being without consideration was not binding upon plaintiff.

(Chitty on Con. [10th Am. ed.], 28; 1 Pars. on Con., 558; *Bates* v. *Rosekrans*, 37 N. Y., 409; *Purchase* v. *Mattison*, 3 Bosw., 310; *Higby* v. *N. Y. Harlem R. R. Co.*, id., 497; *Van Allen* v. *Jones*, 10 id., 369; *Home Ins. Co.* v. *Watson*, 59 N. Y., 390; *Crosby* v. *Wood*, 6 id., 369; *Cole* v. *Sackett*, 1 Hill, 516; *McDonald* v. *Neilson*, 2 Cow., 139; *Day* v. *Roth*, 18 N. Y., 448.) Parol testimony was competent to show what the whole contract was of which the receipt was a part. (Chitty on Con. [10th Am. ed.], 118; *Hutchins* v. *Hebbard*, 34 N. Y., 24; *Barker* v. *Bradley*, 42 id., 316; *Hope* v. *Balen*, 58 id., 382; Greenl. Ev., vol. 1., p. 234, note *a*; *Toby* v. *Barber*, 5 J. R., 68; *Johnson* v. *Weed*, 9 id., 310.)

MILLER, J. The right of the plaintiff to recover in this action depends upon the construction to be placed upon the transaction which took place between the plaintiff and Williamson, the former owner of the mortgaged premises, on the 19th day of June, 1874. The plaintiff, who was then the holder of the mortgages, the title to which is involved in this action, received from Williamson twelve promissory notes of $1,000 each, payable at different times, and executed back and delivered to said Williamson an instrument by which he acknowledged that he received said notes, as per memorandum, and which contained the following language : "Being in full for principal and interest of four bonds and mortgages," * * * "which b. and m. I hereby assign to such parties as he may designate when called for." It is claimed that the delivery by Williamson of his promissory notes, and their acceptance by the plaintiff was a full payment for the bonds and mortgages, and operated in law to discharge and extinguish the same. The general rule no doubt is that the taking of a promissory note by the debtor does not impair or affect the original debt, unless such note be actually paid when due, and the creditor may notwithstanding recover on the original cause of action. Where, however, the proof is quite clear that it was the intention of

the parties that the notes received should constitute a payment, it must be considered as such. This rule clearly applies where there is a contract in writing which expresses upon its face that the notes are received in full payment. The instrument executed and delivered by Williamson to the plaintiff states explicitly that the notes were so received, and in support of such a statement it further provides for the transfer of the bonds and mortgages to such parties as may be designated by Williamson when an assignment shall be called for, which is inconsistent with the idea that a payment was not within the terms of the instrument. The fair import of the language employed, as it reads, without any explanation, is that the notes were received in full payment for the bonds and mortgages, and it will not bear the interpretation of a receipt with a mere promise to assign at a future time, which was without consideration, unless the notes were paid, and that the plaintiff was to hold the bonds and mortgages until the notes were paid. The true interpretation of the agreement evidently is that the notes were in full payment, and that an assignment was to be made to any person whom Williamson might designate when the plaintiff should be called upon to make the assignment and transfer the same, and hence as it stood there was a valid agreement that the bonds and mortgages had been paid by the notes which was obligatory upon the parties.

If this construction of the written agreement is correct, as the writing is supposed to contain all the contract, and its terms are not ambiguous, under ordinary circumstances parol evidence was not admissible for the purpose of explaining or varying the same, or to show that the delivery of the notes was not intended as a payment for a transfer of the bonds and mortgages. Such testimony was, however, competent upon another and a different ground. And for the reason that it tended strongly to establish that there was a mistake ; that both parties understood the contract as it is alleged it ought to have been, and as in fact it was, but for such mistake, and that it was signed by the plaintiff and accepted by

Williamson under an entire misapprehension as to the nature and effect of the instrument. The plaintiff testifies with great distinctness and very positively that Williamson stated at the time that the bonds and mortgages were to be kept in the plaintiff's hands until the notes were paid, and then to be assigned, or to that effect substantially. Williamson says that he has no recollection of this. The surrounding circumstances, as well as other evidence, tends very much to support the plaintiff's statement, and as the case was presented by the proof there was sufficient evidence to justify a finding of the referee that the instrument was executed by the plaintiff and accepted by Williamson under an entire mistake as to its contents and legal effect. As every presumption is in favor of the referee's report, the court will, in reviewing the judgment upon appeal, intend that the referee did find such further facts in favor of the party recovering as essential to support it. (*Rider* v. *Powell*, 28 N. Y., 310; *Grant* v. *Morse*, 22 id., 323; *Oberlander* v. *Speiss*, 45 id., 179; *Phillip* v. *Gallant*, 62 id., 264; *Vernol* v. *Vernol*, 63 id., 45.) In *Rider* v. *Powell* (*supra*), an action was brought to have a bond and mortgage reformed so so as to conform to a parol contract, and there was no finding that there was any fraud or mistake of fact, on the part of the defendant as to the terms of the instrument, and it was held that the rule for judgment in favor of the plaintiff was to be construed as a finding of all the necessary facts. As a finding in the case at bar that there was a mistake would be justified by the evidence appearing in the case, it may, within the rule laid down, be implied for the purpose of upholding the judgment. Having in view the principle to which we have referred, the testimony relating to the execution of the receipt or instrument proved upon the trial bore upon the case and was properly received.

It is insisted by the defendant's counsel that no case was established for the reformation of the receipt or instrument on the ground of a mistake, as none is set forth in the complaint, and no such relief is sought or made the subject of

an issue in the action, and that the action should have been brought expressly for a reformation of the written contract which is the subject of the litigation.   Such a remedy would be entirely appropriate where the action brought depended and was founded upon the instrument sought to be enforced, and which it was claimed was executed under a mistake as to the facts, as is held in the cases cited by the defendant's counsel.   But this mode of relief is not essential or proper when the action is upon a contract or is in the nature of the foreclosure of a mortgage, valid on its face, and the plaintiff is seeking the benefit of the same as it stands by his action, and the defendant sets up an instrument showing a payment of the bond and mortgage by way of defense.   Under such a state of facts the plaintiff is not bound to anticipate that any such defense exists, or if it did exist that it may be interposed by answer.   As appears in this case, he may not have understood that the instrument he had signed presented any obstacle to a recovery, and was therefore not required to set it forth in his complaint and ask relief against it.   And when it was made a defense he had a right to meet it on the trial by proof of any facts which showed that by reason of a mistake and misapprehension it failed to express the real intention of the parties and was therefore invalid.   The answer of the defendant after setting up the instrument referred to as a defense demanded judgment that the defendant might be declared to be the true and lawful owner of the bonds and mortgages, and that the plaintiff execute and deliver an assignment of, etc., and also deliver the bonds and mortgages to the defendant.   It was an affirmative defense to which no reply under the rules and practice as to pleadings was required, and the plaintiff was authorized to meet it by evidence showing that the bonds and mortgages had not been paid ; that the alleged defense had no foundation whatever and was without merit.   The evidence on this branch of the case was therefore entirely relevant, and bore directly upon the issue made by the defendant to the effect that the instrument showed a payment of the bonds and

mortgages and the defendant was entitled to a transfer of the same. The authorities cited by the defendant's counsel do not impair the relevancy of the testimony in reference to the question considered and have no application to such a case.

The other questions presented have been carefully considered and cannot affect the decision of the case.

The judgment should be affirmed, with costs.

All concur, ALLEN and RAPALLO, JJ., in result.

Judgment affirmed.