(65 App. Div. 246.)

ARLT v. WHITLOCK.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

REFORMATION OF CONTRACT—PLEADING—SUFFICIENCY.

    A contract for the alteration of an apartment house provided that the work should be sufficiently completed to permit occupancy within six weeks, and wholly completed within ten weeks. In a suit to foreclose a mechanic's lien thereunder, plaintiff alleged that the contract originally required the house to be ready for occupancy within six weeks, and wholly completed in eight, but that the parties agreed to extend each period two weeks; that defendant changed the time for wholly completing the work from eight to ten weeks, but did not make the other alteration as agreed; and that plaintiff signed with an understanding that both alterations were made. Plaintiff prayed for a reformation of the contract accordingly. *Held* sufficient on demurrer for want of facts, though not expressly charging fraud or mutual mistake, as fraud or mistake on the defendant's part was necessarily implied, and the case did not fall within the rule requiring the mistake to be mutual, as the mistake was not in the agreement, but in reducing it to writing.

Appeal from special term, New York county.

Suit to foreclose a mechanic's lien by Henry Arlt against Bache McE. Whitlock, in which plaintiff sought a reformation of the contract covering the work. From an interlocutory judgment sustaining a demurrer to the count seeking the reformation, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John V. Judge, for appellant.
William C. Beecher, for respondent.

LAUGHLIN, J. The ground of the demurrer is that facts sufficient to constitute a cause of action are not stated in the plaintiff's second cause of action. The principal cause of action is for the foreclosure of a mechanic's lien for work, labor, and services performed in the alteration of a five-story apartment building at Nos. 135 and 137 Norfolk street, pursuant to a written contract with the owner. Article 7 of the contract provides that the work shall be sufficiently completed to make the apartments ready for occupancy within six weeks, and wholly completed within ten weeks, from the date thereof. The cause of action to which the demurrer was interposed is for the reformation of this article by changing the six weeks within which the apartments were to be ready for occupancy to eight weeks. It is alleged that at the time the contract was drawn up, and before it was signed, it provided for the completion of the work in eight weeks, and that the apartments should be ready for occupancy in six weeks; that plaintiff objected to these provisions upon the ground that the work could not be done within that time, whereupon it was agreed between the parties that each of these periods should be made two weeks longer (in other words, that the six weeks should be changed to eight weeks, and the eight weeks to ten weeks), and that the contract as prepared should be altered accordingly; that

defendant thereupon made the alteration from eight to ten weeks in time for completing the work, but did not make the alteration of the time for having the apartments ready for occupancy from six to eight weeks, as agreed; and that plaintiff thereupon signed the contract upon the understanding that both alterations had been made.

The objection to the sufficiency of this count of the complaint is that neither fraud nor mutual mistake is alleged. It is true that neither fraud nor mutual mistake is expressly charged, but, if the essential facts were fully alleged, it was not necessary for plaintiff to characterize them, for the facts constitute the cause of action. Maher v. Insurance Co., 67 N. Y. 285; Born v. Schrenkeisen, 110 N. Y. 55, 17 N. E. 339; Woolsey v. Sunderland, 47 App. Div. 86, 62 N. Y. Supp. 104; Booth v. Dodge, 60 App. Div. 23, 69 N. Y. Supp. 673; Wood v. Amory, 105 N. Y. 278, 11 N. E. 636. It appears from the complaint that the true agreement was well understood by both parties, and that in this one particular it was not correctly embodied in the written contract. It is also specifically alleged that the agreement was signed by the plaintiff through mistake on his part as to the omission of defendant to make the alteration agreed upon. The fair inference from the complaint is that defendant, after agreeing to make the alteration, omitted by mistake to change the period within which the apartments were to be ready for occupancy, and this is plaintiff's theory as stated in his points. If defendant did not fail to make the change through mistake, then his conduct would amount to fraud in law, and the agreement might be reformed upon that ground. He could not, after verbally agreeing with plaintiff to make the two alterations, and leading plaintiff to suppose he was changing the written contract accordingly, make only one alteration, and intentionally refrain from making the other, without so informing plaintiff. The facts being clearly stated, the pleading cannot be held defective because plaintiff does not know and allege what was passing in defendant's mind at the time. He knows that defendant agreed upon the change and undertook to make it, and he could only have omitted so to do through mistake or fraud, but which, it would ordinarily be impossible to tell. This case falls within the rule where there has been no mistake in the agreement, but a mistake merely in reducing it to writing, an action may be maintained for its reformation, and it is not essential to allege that the mistake in reducing it to writing was mutual. In such case it is sufficient if the facts alleged, or the inferences to be drawn therefrom by fair intendment, show either fraud or mistake on the part of the defendant. Consolidated Electric Storage Co. v. Atlantic Trust Co., 24 App. Div. 172, 175, 48 N. Y. Supp. 1083; Born v. Schrenkeisen, supra; Rider v. Powell, 28 N. Y. 310; Pitcher v. Hennessey, 48 N. Y. 415; Coatsworth v. Railway Co., 156 N. Y. 457, 51 N. E. 301.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to defendant to answer upon payment of the costs of the demurrer and of this appeal. All concur; PATTERSON, J., in result.