FRIEDMAN MARBLE AND SLATE WORKS, INC., Appellant, *v.* JAMES A. WHITCOMB (Sued as " JOHN " A. WHITCOMB), Respondent.

First Department, February 21, 1919.

Contract — reformation of contract to furnish marble upon ground that provision was inadvertently inserted therein.

Where a contract to furnish certain marble for the repair of a building contained a specification to furnish 1,200 square feet of floor tile and other specifications of marble and finally a specification for " 143 lineal feet of approximately 20 inches wide floor slab under chairs, same to be polished," a complaint alleging that this 143 feet specified was a part of the 1,200 feet mentioned in the first part of the specifications, and that it was mentioned simply to designate that that was to be

polished, that such was the agreement between the parties, but that inadvertently it was inserted in the contract as an additional 143 feet of marble to be furnished, states a cause of action for the reformation of the contract.

Where an agreement is reached between parties, if that agreement be put into writing other than as understood between the parties, through fraud, mistake or inadvertence, the contract may be reformed.

The provision in the contract, " That if the total square feet of marble for either floor or walls, after same is built in place shall be less or more than the number of square feet in said proposal, then the price shall be increased or decreased in proportion to said increase or decrease of area covered, said difference of area to be based on the unit prices stipulated in the proposal for the several kinds of marble used," did not prevent the plaintiff from having the agreement reformed.

APPEAL by the plaintiff, Friedman Marble and Slate Works, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 6th day of June, 1917, dismissing the complaint at the opening upon the decision of the court.

*Leon Kronfeld,* for the appellant.

*Joseph M. Gazzam,* for the respondent.

SMITH, J.:

The action is brought for the reformation of a contract between plaintiff and defendant and for a recovery upon the contract as reformed. The contract was to furnish certain marble for the repair of defendant's place of business. Annexed to the contract were certain specifications which were made a part of the contract. Among those specifications was the proposal to furnish 1,200 square feet of light pink Tennessee floor tile. There were then further specifications of marble to be furnished, and finally is the specification: " 143 lineal feet of approximately 20 inches wide floor slab under chairs, same to be polished." Now, the complaint alleges that this 143 feet specified was a part of the 1,200 feet specified in the first part of the specifications and that it was mentioned simply to designate that that was to be polished, that such was the agreement between the parties, but that inadvertently it was inserted in the contract as an additional 143 feet of marble to be furnished. The trial court has said that this does not state a cause of action for the reformation of the

contract. To this proposition I cannot agree. It has long been settled that where an agreement is reached between parties, if that agreement be put into the writing other than as understood between the parties, through fraud, mistake or inadvertence, the contract may be reformed. In *Arlt* v. *Whitlock* (65 App. Div. 246) Justice LAUGHLIN says: " The objection to the sufficiency of this count of the complaint is that neither fraud nor mutual mistake is alleged. It is true that neither fraud nor mutual mistake is expressly charged, but if the essential facts were fully alleged it was not necessary for plaintiff to characterize them, for the facts constitute the cause of action. (*Maher* v. *Hibernia Ins. Co.*, 67 N. Y. 283; *Born* v. *Schrenkeisen*, 110 id. 55; *Woolsey* v. *Sunderland*, 47 App. Div. 86; *Booth* v. *Dodge*, 60 id. 23; *Wood* v. *Amory*, 105 N. Y. 278.) It appears from the complaint that the true agreement was well understood by both parties, and that in this one particular it was not correctly embodied in the written contract. * * * This case falls within the rule that where there has been no mistake in the agreement, but a mistake merely in reducing it to writing, an action may be maintained for its reformation, and it is not essential to allege that the mistake in reducing it to writing was mutual. In such case it is sufficient if the facts alleged or the inferences to be drawn therefrom by fair intendment show either fraud or mistake on the part of the defendant. (*Consolidated El. Co.* v. *Atlantic Trust Co.*, 24 App. Div. 172, 175; *Born* v. *Schrenkeisen, supra; Rider* v. *Powell*, 28 N. Y. 310; *Pitcher* v. *Hennessey*, 48 id. 415; *Coatsworth* v. *Lehigh Valley R. Co.*, 156 id. 457.) "

This would seem to be direct authority in this case and fully to support the complaint as a complaint in equity for the reformation of the contract. Inasmuch as the complaint was dismissed, it is not necessary here to consider to what relief the plaintiff would be entitled after the contract be reformed. It is entitled to have the contract put in such shape as to express the actual agreement of the parties in order that its rights hereafter may be adjudged by the agreement as made and not as inadvertently expressed.

It is claimed, however, that the plaintiff has lost nothing, even upon the assumption that the agreement was not properly

expressed, because of the provision in contract found in article 1, which provides: "That if the total square feet of marble for either floor or walls, after same is built in place shall be less or more than the number of square feet in said proposal, then the price shall be increased or decreased in proportion to said increase or decrease of area covered, said difference of area to be based on the unit prices stipulated in the proposal for the several kinds of marble used." This contention of the respondent loses sight of the fact that the number of feet specified in these proposals is made the standard of the amount for which the contract price is to be paid. If it be a fact that this 143 feet be a part of the 1,200 feet called for in the contract and only the 1,200 feet be furnished, then under the contract as written the plaintiff would be required to make an allowance from the contract price for 143 feet, while if the contract be reformed so as to show that this 143 feet was deemed a part of the 1,200 feet, then the plaintiff is entitled to the full contract price for furnishing the 1,200 feet. It is not true, therefore, that the plaintiff is not interested to have its contract reformed, and as in our judgment the complaint states sufficient facts to authorize this reformation, the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.