Samuel Poss, Appellant, *v.* Jacob Gottlieb, Respondent.

Supreme Court, Appellate Term, First Department, March, 1922.

Fraud — joint venture in purchase of real estate — partnership — false statements by one owner to the other inducing him to sell his interest in the property — secret profits — action for damages for deceit — sufficient complaint.

Good faith between partners not only requires that one should not make any false statement to the other but also that he should abstain from all concealment.

Plaintiff and defendant as tenants in common purchased certain real estate upon an agreement for an equal division of any profits either from rent or a sale of the property. The plaintiff contributed $10,000 towards the purchase price and reduction of the incumbrances. Defendant contributed $5,000 to the enterprise and the exclusive management and operation of the premises were confided to him. A contract to convey the property to a third party at a price which would net defendant a profit of $4,000 was conditioned upon the purchaser buying the plaintiff's interest at $10,000. Defendant with full knowledge of the income and expenses told plaintiff that the property was not paying; that it was in urgent need of repair; that he had a purchaser for plaintiff's interest at $10,000 which he thought was a fair price and advised plaintiff to sell, which he did in the belief that said statements of defendant to him were true. Then the defendant in performance of the contract to convey delivered his deed to the purchaser and received $4,000 in excess of what he had put into the enterprise. *Held*, that the relationship between plaintiff and defendant was that of partners and called for the most scrupulous good faith in their dealings with each other, and the act of defendant in conniving with his grantee was in violation of his duty as a partner of plaintiff.

The allegations of the complaint considered and held to state a good cause of action in fraud and deceit which the plaintiff was entitled to bring, the partnership being virtually terminated upon the sale of the premises, the plaintiff seeking only to recover damages measured by defendant's profit on the sale.

An order granting defendant's motion for judgment on the pleadings reversed and the motion denied.

Plaintiff appeals from an order of the City Court of the city of New York granting defendant's motion for judgment on the pleadings consisting of complaint and answer thereto.

*Jacob M. Mandelbaum (Morse S. Hirsch,* of counsel), for appellant.

*Merwin F. LeVine,* for respondent.

Cohalan, J. The complaint alleges that in December, 1919, plaintiff and defendant entered into an agreement in writing to purchase certain real estate, in the borough of Manhattan, city of New York, as tenants in common, and that the profits, if any, either from the rents, etc., or from a resale were to be divided equally between them; that the premises were so purchased as tenants in common; that the plaintiff contributed $10,000 towards the purchase price and reduction of the incumbrances and the defendant $5,000; that defendant had exclusive charge of the operation and management of premises; that plaintiff relied upon

the representations made to him by defendant and reposed confidence and trust in him and believed him to be representing and protecting plaintiff's interest; that from the time of purchase up to the sale by the plaintiff of his interest the defendant represented to him that all income was expended for payment of taxes, repairs and alterations and that they were insufficient to permit of any profits; that in January, 1921, defendant represented to plaintiff that he had obtained a purchaser for plaintiff's interest for $10,000; that this price was in his (defendant's) opinion a fair price and urged plaintiff to sell his share at that price; that for the purpose of inducing the plaintiff to sell at that price defendant stated that the property was maintained at a loss, and that immediate repairs were necessary, and for these reasons urged plaintiff to sell at the price mentioned; that the plaintiff agreed to sell at this price and subsequently executed a deed.   The 8th paragraph of the complaint reads in part that " after the execution and delivery by plaintiff of said contract of sale said plaintiff learned that prior to the conveyance by said plaintiff of his interest in said property the defendant had entered into an agreement wherein and whereby " defendant agreed with the party purchasing plaintiff's interest to convey the entire premises for $63,000; " that said conveyance was to be conditional upon the plaintiff conveying his said interest in said property."

The respondent takes the position that a reading of this paragraph indicates that the plaintiff acquired the knowledge of this agreement of the defendant subsequent to plaintiff entering into his contract of sale but prior to the delivery of his deed.   I do not think so. The complaint clearly shows that plaintiff did not acquire the knowledge until after the execution of his deed.

The complaint further alleges that the defendant, in order to induce plaintiff to sell his interest, fraudulently concealed the agreement he had made with the plaintiff's purchaser; that the " aforesaid " statements were false, and respondent knew they were false when made and they were made by him for the purpose of inducing plaintiff to sell his property as " aforesaid; " that plaintiff relied upon such statements and believed defendant was acting in good faith and represented only plaintiff's interest in the transaction; that after plaintiff's conveyance defendant conveyed his interest to the plaintiff's purchaser for $63,000 which resulted in a net profit to the defendant of $4,000; that by reason of the " aforesaid " the plaintiff is damaged in the sum of $2,000, no part of which has been paid, though duly demanded.

For the purpose of this motion the allegations of the complaint must be deemed to be true.

Appellate Term, First Department, March, 1922.    [Vol. 118

· The plaintiff contends that the complaint sets forth a cause of action in fraud; that such an action under the facts alleged is proper and further that even as to a partnership where it is limited to a single venture one partner may properly bring an action at law against his copartner. The respondent contends that the complaint fails to set forth facts sufficient to constitute a cause of action; that though the plaintiff attempts to set forth an action in fraud and deceit in reality he seeks an accounting of partnership profits and so the City Court has no jurisdiction; that where one partner authorizes the sale of his interest the other is at liberty to dispose of this interest as he pleases and is not bound to make full disclosures to his copartner; that the copartnership here was not limited to one transaction. Several questions arise here: Does the complaint state a cause of action in fraud and deceit? If it does then may such an action be brought where the relationship of partners existed at the time of the fraud? Did the partnership exist when the action was commenced? Finally should only an action for an accounting be brought? And in this last point it is immaterial whether or not the complaint is sufficient for an action for accounting, as the court would have no jurisdiction in any event.

It is a well-settled principle of law that partners owe to each other the most scrupulous faith. Each has a right to know all that the other knows. Their relationship is one of trust and confidence, and this duty of trust and confidence is the greater where, as in the present case, a condition of superiority is held by one partner over the other. Here the entire management and operation of the premises were in the hands of the defendant. He knew all about the income and expenses and encouraged and persuaded the plaintiff who knew little about either to act under a mistake of great importance; the misrepresentations were made personally by defendant to him, and were the very bases of the argument to persuade plaintiff to sell. He entered into a contract with a third party for the sale of the property at a price which would net him a profit of $4,000; this contract was conditional upon the purchaser buying the plaintiff's interest at $10,000. He then goes to the plaintiff, tells him the property was not paying; that it was in urgent need of repairs; that he had a purchaser for the plaintiff's interest for $10,000, which he thought was a fair price and advised him to sell. The plaintiff believing what the defendant had told him sold his interest for $10,000. Then after the purchaser had acquired plaintiff's interest the defendant closes his deal with the same purchaser, delivers his deed and receives $4,000 in excess of the amount he had put into the property. If

this is not a breach of the trust and confidence reposed in him then it is hard to imagine one.

At the date of the commencement of the action the premises had passed out of the hands of the parties; there were no profits and no losses if the allegations of the complaint are true and here we must consider them true.   At the time of the alleged fraudulent acts the appellant and respondent were partners.   The act of the respondent in conniving with the new purchaser was a wrongful act and in direct violation of the trust existing between him and the plaintiff.   It was so wrongful an act as to plaintiff as would authorize an action by the plaintiff against him for any damages which the plaintiff might legally suffer by reason of it.   Good faith not only requires that a partner should not make any false statement to his partner but also that he should abstain from all concealment.   The court in *Goldsmith* v. *Loeb*, 182 App. Div. 533, says, " the secret act of any partner during that relationship whereby such partner would reap an advantage over his copartner is a wrongful act and the court will compensate the innocent partner either by damages in an action for fraud or by holding the guilty party to be a trustee of the advantage thus gained for the benefit of his copartner."

I believe the complaint states a good cause of action in fraud and deceit and the plaintiff is entitled to bring such an action. The sale of the premises virtually terminated the relationship between the parties.   Even if it did not this action under the conditions prevailing here would be permissible.   There is no allegation of the complaint from which any inference can be drawn that the plaintiff was seeking an accounting of the rents and profits. All the plaintiff seeks are the damages suffered by him by reason of the fraud and deceit of the defendant and he measures those damages by the profit on the sale.   The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

GUY and WAGNER, JJ., concur.

Order reversed.