FREDERICK I. UNGER, Plaintiff, *v.* HERMAN WEISNER and Others, Defendants.

Supreme Court, New York County, March 15, 1927.

Contracts — reformation — complaint alleging mistake, execution of agreement and agreement which parties intended to make is sufficient — motion for judgment on pleadings under Rules of Civil Practice, rule 112, denied.

The complaint in this action to reform a written contract on the ground of mistake, which recites the grounds on which the reformation is sought, the actual execution of the agreement and the agreement which the parties intended to make, states a good cause of action and, consequently, defendants' motion for judgment on the pleadings under Rules of Civil Practice, rule 112, must be denied.

MOTION by defendants for judgment on the pleadings under rule 112 of the Rules of Civil Practice.

——————————— for the plaintiff.

——————————— for the defendants.

GIBBS, J. The complaint alleges that the plaintiff on May 1, 1918, leased to defendants Steiner and Harsten certain premises in the borough of Manhattan, city of New York, and that the lease was assigned with the consent of the plaintiff to the Regun Amusement Co., Inc., a corporation in which plaintiff and all of the defendants were stockholders; that on December 8, 1921, the parties herein entered into an oral agreement providing for the purchase of plaintiff's stock in the corporation at an agreed price of $20,000, $6,000 of which was to be paid plaintiff in the event " that the defendants or any of them sold, assigned, hypothecated or disposed of their stock   *   *   *   or in any way gave up or surrendered control of said corporate stock and management of the said Regun Amusement Co., Inc., or in the event that the defendants exercised an option granted to them by the plaintiff to surrender said lease and take a new lease for the balance of the term or in lieu thereof an assignment of the present lease by the corporation to any other person, firm or corporation."

The complaint further alleges that this agreement was reduced to writing, " but by reason of mutual mistake or accident of the parties failed and omitted to state the true agreement   *   *   *." It further sets forth the disposition of the stock by the defendants, the demand by plaintiff of the sum of $6,000 pursuant to the terms of the agreement and the failure of defendants to perform the conditions thereof.

The prayer for judgment asks that the agreement be reformed so as to include that portion of the oral agreement providing for the payment of $6,000 in the event of sale or other disposition of the defendants' stock and for judgment against the defendants in that sum. The answer interposed by the defendants denies all the material allegations of the complaint except that it admits defendants did dispose of their stock. Under rule 112 of the Rules of Civil Practice the motion must be determined solely from the pleadings. (*Merchants Loan & Investment Corporation* v. *Abramson*, 214 App. Div. 252, 253; *Hearn* v. *Leary*, 125 Misc. 446.)

A careful examination of the complaint discloses that every allegation essential to an action to reform a written contract on the ground of mistake has been incorporated in the pleading.

" In order to make out a good cause of action, the   *   *   * complaint   *   *   * should show every element necessary to entitle the complainant to equitable relief, with especial reference to the following: (1) The grounds of reformation; (2) the agreement actually made; and (3) the agreement which the parties intended to make." (34 Cyc. 971.)

In the case of *Friedman Marble & Slate Works, Inc.,* v. *Whit-*

*comb* (186 App. Div. 509) the court said: " It appears from the complaint that the true agreement was well understood by both parties, and that in this one particular it was not correctly embodied in the written contract. * * * This case falls within the rule that where there has been no mistake in the agreement, but a mistake merely in reducing it to writing, an action may be maintained for its reformation." The same rule was applied in *Baird* v. *Erie Railroad Company* (210 N. Y. 225, 233), cited by counsel for plaintiff. It may well be that there was no mistake or accident in the preparation and execution of the written instrument, the subject-matter of this action, but this is a matter to be determined on the trial, not by this motion. The allegations of the complaint must be taken as true. (*Poss* v. *Gottlieb*, 118 Misc. 318.) It clearly sets forth a cause of action to reform a written instrument within the purview of the decisions heretofore cited. Motion for judgment denied. Settle order.