■ Scaccia Concrete Corp., Appellant, v Hartford Fire Insurance Company, Defendant and Third-Party Plaintiff-Respondent. Gemma Construction Co., Inc., Third-Party Defendant-Respondent. [720 NYS2d 193] —In an action to recover upon a labor and material payment bond, the plaintiff fourth-party defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated October 4, 1999, which denied its motion for summary judgment on the complaint, dismissing the fourth-party complaint, and on its counterclaims in the fourth-party action, and granted the cross motion of the defendant third-party plaintiff for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Gemma Construction Co., Inc. (hereinafter Gemma), was the general contractor on a public works project for the City of New York. Gemma obtained a labor and material payment bond from Hartford Fire Insurance Company (hereinafter Hartford), insuring and guaranteeing payment for all labor performed and materials supplied for the project. Gemma subcontracted the concrete and masonry work for the project to New Superior Concrete Corp. (hereinafter New Superior). Scac-

cia Concrete Corp. (hereinafter Scaccia) supplied the concrete to New Superior. When New Superior allegedly failed to pay for the concrete, Scaccia commenced this action against Hartford to recover upon the bond.

Scaccia moved, *inter alia*, for summary judgment on the complaint, and Hartford cross-moved for summary judgment dismissing the complaint on the ground that Scaccia had been paid. Hartford claimed that New Superior gave Scaccia promissory notes, and Scaccia issued a letter stating that it had been paid in full. In opposition, Scaccia asserted that the letter was not intended to close out the account, and that the notes were only a conditional payment. The Supreme Court determined that the notes constituted payment in full, thereby precluding recovery on the bond, and dismissed the complaint. We affirm.

The common-law rule is that a "promissory note is delivered and accepted as evidence of a debt rather than in payment thereof, unless there be an agreement that the note is received in payment of the debt" (*Industrial Bank v Shapiro,* 276 App Div 370, 372, *affd* 302 NY 566; *see, Meyer v Lathrop,* 73 NY 315). A similar rule appears in Uniform Commercial Code § 3-802 (1) (b), which provides that "unless otherwise agreed," the taking of a note merely suspends the underlying obligation until the note is paid. However, contemporaneously with New Superior giving the notes to Scaccia, Scaccia issued a letter clearly and unequivocally stating: "[t]his is to certify that your account is paid in full for all deliveries made * * * to date." Moreover, Scaccia's then-president testified at his deposition that Scaccia intended to accept and treat the notes as payment in full. Therefore, the Supreme Court properly denied that branch of Scaccia's motion which was for summary judgment on the complaint and granted Hartford's cross motion for summary judgment dismissing the complaint (*see, Meyer v Lathrop, supra*).

Scaccia's remaining contentions are without merit. Friedmann, J. P., Goldstein, McGinity and H. Miller, JJ., concur.