The action was brought by the plaintiff to reform a deed, and the record thereof, given by the plaintiff to the defendant, conveying by the former to the latter about seventy lots in the city of Brooklyn, by striking therefrom the covenants of warranty contained therein, upon the ground that, by the agreement of the parties, the right and interest *Page 247 
of the plaintiff in said lots were to be conveyed without any warranty of the title, and that the covenants of warranty were inserted by the fraud of the defendant, or by mutual mistake, and, also, to reform the mortgage given by the defendant to the plaintiff upon said lots, to secure the payment of the purchase-money, by inserting therein a covenant by the defendant to pay such money, as therein specified, and a clause providing that the entire principal should become due and payable after a failure to pay any installment of principal or interest for thirty days after the same became due, and for a foreclosure of the mortgage as so reformed. The answer denied the allegations of the complaint upon which the demand for a reformation of the instrument was demanded. The Special Term gave judgment denying any reformation, but awarding a foreclosure and sale of the mortgaged premises, for certain moneys found due upon the mortgage. Upon an appeal from this judgment by the plaintiff, to the General Term, it was reversed, and a new trial ordered, from which the defendant appeals to this court. The order for a new trial shows that it was granted for errors both of law and fact, and, hence, whether properly granted, upon either ground, is reviewable by this court.
Whether any error of fact was committed by the Special Term will be first considered. To entitle the plaintiff to a reformation of the contract, he must prove that it was the intention of both parties to make a contract such as he sought to have established, and that this intention was frustrated either from some fraud, accident, or the mutual mistake of the parties. It was not enough for him to show his own intention. He must further show that the sense and intention of the defendant concurred therein. He must prove that both parties understood the contract as he alleges it ought to have been, and, in fact, would have been but for the fraud or mistake. (Nevins v. Dunlop,
33 N Y, and cases cited in opinion; Story v. Conger,
36 id., 673.) The question is, whether the evidence was such as that the Special Term erred in not so finding upon the trial. The plaintiff produced the *Page 248 
verdict of a jury upon certain questions which had been ordered to be tried by jury, pursuant to section 254 of the Code. No application to set aside the verdict had been, or was made by either party, but both acquiesced therein as the truth of the case. The General Term ordered that this verdict be set aside and vacated. I can see no reason justifying this. That contained in the opinion, so far from sustaining the course taken, shows that it ought not to have been set aside. That reason, in substance, was, that the court had not been furnished with a case containing the evidence, so that it could determine whether the verdict was correct or not. Under such circumstances, the court should presume that the verdict was correct, and it should stand as correct, and as having properly disposed of the questions determined thereby.
The questions propounded to the jury, so far as affecting the question under consideration, were as follows: Q. 1st. Were the covenants of warranty, in the deed mentioned in the pleadings, from the plaintiff to the defendant, inserted or retained with the consent or knowledge of the plaintiff? Answer, "no." Q. 2d. Was the covenant to pay the consideration money of said conveyance omitted from the mortgage mentioned in the pleadings, from the defendant to the plaintiff, with the consent or knowledge of the plaintiff? Answer, "no." Q. 3d. Was the usual thirty-day interest clause omitted therefrom with the knowledge or consent of the plaintiff? Answer, "no." Q. 4th. Did the defendant take undue and unfair advantage of the ignorance and inexperience of the plaintiff in drawing said deed and mortgage, and inducing said plaintiff to execute said deed and receive said mortgage? Answer, "yes." This was all the material evidence given upon the hearing bearing upon the right to a reformation of the instrument, except what is found in the recital in the mortgage, to the effect that the plaintiff had agreed to sell to the defendant his right, title and interest in the lots in question, but fails to state whether or not there were to be any covenants of the plaintiff as to such title. It will be seen that while this verdict *Page 249 
furnishes evidence that the plaintiff may not have known fully the effect, and perhaps the contents, of the papers executed and received by him, it utterly fails to show that the defendant ever agreed or understood that he was to receive a deed of the lots without covenants as to title, or to give a mortgage containing any provisions in addition to that delivered by him. The Special Term did not, therefore, err in not finding such agreement, and that it failed to be incorporated in the papers by the fraud of the defendant or accident or mutual mistake of the parties. But we have seen that this was necessary for the plaintiff to prove, to entitle him to reform the papers and make them obligatory contracts of the defendant as reformed.
Had it appeared that there was a mutual misunderstanding of the parties in these respects — that, in fact, they had never agreed upon its terms — and the plaintiff had sought to have it canceled upon this ground, and to be restored to his former rights, the question would have been different. But no such relief was sought or asked for by the plaintiff in the action. There was no legal error committed by the judge at Special Term, upon the trial. The plaintiff failed to prove facts entitling him to the reformation, and this relief was properly denied.
The counsel for the respondent insists that when the verdict is special, and does not find all the facts essential to a determination of the rights of the parties, or does not pass upon all the material issues in the case, a new trial will be ordered, and claims that the same rule should be applied to the present case. But there is no analogy between the cases. In the former, the law provides no mode of determining the remaining essential facts except by a jury trial, while in the present case one or more of the issues may be tried by jury and the residue tried and determined by the Special Term. The fourth finding of the jury in the present case contains no specific fact, and, in short, is too vague and uncertain to base any judgment thereon. But had the verdict contained all the facts entitling the plaintiff to the relief sought, and the *Page 250 
Special Term had erred in not giving judgment to that effect, still the General Term ought not to have set aside the verdict and ordered a new trial, but should have reversed the judgment of the Special Term, and awarded such judgment as ought to have been given by the Special Term. (Marquat v. Marquat,12 N.Y., 336.)
The order of the General Term must be reversed and the judgment of the Special Term affirmed.
All concur.
Judgment accordingly.