## SUPREME COURT.

### LEOPOLD BERRINGER agt. MAX SCHAEFER.

*Reformation of a written instrument — what necessary to be shown.*

It is necessary, to entitle a party to a decree of a court of equity reforming a written instrument, for him to show first a plain mistake clearly made out by satisfactory proofs.

In the second place he must show that the material stipulation which he claims should be omitted or inserted in the instrument, was omitted or inserted contrary to the intent of both parties, and under a mutual mistake.

The burden of proof is upon the plaintiff, and before undertaking to alter the terms of the agreement as signed by the parties, the court should be satisfied beyond any reasonable doubt that the plaintiff has made out his case.

*Special Term, November,* 1875.

*A. Cardozo,* for plaintiff.

*J. K. Porter & E. Fitch,* for defendant.

LAWRENCE, *J.* — The rule which governs cases of this character is well stated by judge BROWN in delivering the opinion of the court of appeals in the case of *Nevius* agt. *Dunlap* (33 *N. Y.,* 680). He says: " To entitle a party to a decree of a court of equity reforming a written instrument, he must show, first, a plain mistake, clearly made out by satisfactory proofs. Whenever the evidence is loose, equivocal or contradictory, or is in its texture open to doubt or opposing presumptions, the relief will not be granted (*citing Story's Equity J.,* 157). This presumption is obvious,

Berringer agt. Schaefer.

because the written instrument, carefully and deliberately prepared and executed, is evidence of the highest character, and will be presumed to express the intention of the parties to it, until the contrary appears by clear, positive and unequivocal evidence. In the second place, he must show that the material stipulation which he claims should be admitted or inserted in the instrument was omitted or inserted contrary to the intention of both parties, and under a mutual mistake. It is not enough to show that he made a mistake himself; that through inadvertence and error on his part he executed an instrument the stipulations of which do not express what he intended. He must also show that the other contracting party labored under a similar delusion " (*see also Kent* agt. *Manchester*, 29 *Barb.*, 597, 598; *Jackson* agt. *Andrews*, 59 *N. Y.*, 244; *Story* agt. *Conger*, 36 *N. Y.*, 673). In this case, after very carefully studying the evidence, I cannot say that the plaintiff has made out by clear, or positive, or unequivocal evidence, that the defendant knew or was informed of the restrictions as to the use of the premises in question, which restrictions are contained in the Lenox deed, nor that with knowledge that such restrictions existed, the defendant contracted to purchase the property. The burthen of proof is upon the plaintiff, and before undertaking to alter the terms of the agreement, as signed by the parties, the court should be satisfied, beyond any reasonable doubt, that the plaintiff has made out his case.

Here I do not think that the plaintiff has succeeded; the evidence is exceedingly contradictory, and so far as the surrounding circumstances can be looked at, for the purpose of determining the relative probabilities of the statements made by the witnesses on either side, those circumstances appear to be quite as favorable to the defendant as to the plaintiff.

The learned counsel for the defendant argued, if I correctly understood him, that as Schaefer desired to use the premises for a dwelling, it was not at all likely that the fact that the land could not be used for certain business purposes would

Berringer agt. Schaefer.

depreciate the property in his estimation. In view of the fact that the defendant expressly states that he bought the property for an investment, even if he intended in the first instance to use it as a dwelling, the court cannot speculatively determine that the defendant would not regard the restrictions as disadvantageous, and calculated to depreciate the value of the property in the future. An intention to use property when purchased for the purposes of a residence, does not conflict with an opinion that its actual value will be much less to the purchaser if by his deed he is restricted from using it for a theater, an opera house or a railroad depot in the future.

Having reached the conclusion that the plaintiff has not, within the rules referred to, made out a case for the reformation of the written agreement executed by the parties, it is clear that the plaintiff has not tendered performance of his contract, either actually or in substance, and that he is unable to make such performance.

The contract called for a proper deed for conveying and assuring the fee simple of the premises conveyed, free from all incumbrances. The restrictions in the Lenox deed constituted an incumbrance (*Gilbert* agt. *Peteler*, 38 *N. Y.*, 165; *Brown* agt. *Jones*, 23 *Barb.*, 153 ; *Barron* agt. *Richards*, 8 *Paige*, 357; see *Plumb* agt. *Talbut*, 41 *N. Y.*, 442; *Matter of Whitlock*, 10 *Abb.*, 316; *Talmadge* agt. *East River Bank*, 26 *N. Y.*, 105).

Nor can I assent to the claim made by the plaintiff's counsel, that, adopting the defendant's own evidence as true, the taking of the keys of the house by the defendant for the purpose of entering to make alterations, and the work done by him upon the premises, preclude him from alleging that the contract should be enforced as contained and expressed in the written agreement. The communication made by Hurst to the plaintiff, relative to the restrictions, was made (according to the defendant) *after* the agreement had been signed. Hurst was not a party to the transaction; he had, as he himself tells

us, gone to the house to see if the bargain went through, and with the intention of levying an attachment upon commissions. The defendant at that time had his written contract, on which he was entitled to stand; and the mere declaration of a third party, having no interest in the premises, that the restrictions existed, was a declaration which the defendant was entitled to disregard, at least until he had had an opportunity of putting the matter into the hands of his legal adviser; and the defendant's evidence, as I understand it, shows that when he was advised by his counsel of the nature and character of the restrictions, he returned the keys and surrendered the premises.

On the whole case I am of the opinion:

First. That the plaintiff has failed within well settled rules to make out a case entitling him to a judgment that the contract be reformed.

Second. That the evidence does not establish any acts on the part of the defendant, after he had ascertained that the property was subject to certain restrictions as to its use, indicating a waiver of, or intention to waive, his legal rights, as expressed in the written agreement.

Third. That the complaint must be dismissed, with costs.