Heelas agt. Slevin.

## N. Y. SUPREME COURT.

ELCY A. HEELAS and others agt. JOHN SLEVIN and others.

*Reformation of a written instrument — what must be proven — Tender.*

To justify a court of equity in changing the language of a written instrument sought to be reformed, it must be proven, and that by proof so clear and convincing as to leave no room for doubt, that it was the intention of both parties to make a contract, not as it appears, but as it is claimed it should have been, and that the intent was frustrated by fraud or mutual mistake.

It is not enough for the party seeking the reformation to show his own intention, and that he never agreed to the terms of the contract. His remedy, in such case, is to have the contract canceled on that ground.

A tender is not good which was accompanied by a condition which was not called for by either the bond or mortgage, in payment of which the tender was made.

*Special Term, May,* 1877.

VAN BRUNT, *J.* — Voluminous briefs and many citations of authorities have been furnished by both sides, for the purpose of showing that the descriptions contained in the contract and deed, by which the premises mentioned in the complaint were conveyed, excluded from or included in the grant, the fee to the middle of Broadway, in front of the premises in question. As, in the disposition of the issues involved in this case, I have nothing to do with this question, I don't propose to give a merely legal opinion upon the subject.

The main issue presented, is that of the right of the defendants to a reformation of the deed conveying the premises in question, so as to include in the grant the street lying in front of the premises. From the evidence it appears that the oral

contract was made between Mrs. Heelas and James Slevin, now deceased.

It is well settled, that to justify a court of equity in changing the language of a written instrument sought to be reformed, it must be proven, and that by proof so clear and convincing as to leave no room for doubt, that it was the intention of both parties to make a contract, not as it appeared, but as it is claimed it should have been, and that this intent was frustrated by fraud or mutual mistake. It is not enough for the party seeking the reformation to show his own intention and that he never agreed to the terms of the contract. His remedy, in such case, is to have the contract canceled on that ground (*Jackson* agt. *Andrews*, 59 *N. Y.*, 244; *Mead* agt. *Westchester Fire Ins. Co.*, 64 *id.*, 453).

This contract and conveyance were made in the year 1867, and no claim was made that the contract did not express the intention of the parties, until the beginning of the year 1877.

Mr. James Slevin being dead, it is sought to establish his intention by the evidence of the plaintiff, Mrs. Heelas. The whole effect to be given to her testimony is, that the property was spoken of at the time of the negotiation for its purchase, as property fronting on Broadway, which it undoubtedly did do. There is no evidence, whatever, but what Mr. Slevin knew at the time he executed the contract, exactly what its provisions were, and what the makers of that contract agreed to convey thereby.

It appears from the evidence that he had a lawyer to examine his title, who, undoubtedly, was familiar with the rights which Mr. Slevin claimed under that contract. There is no evidence that Mr. Slevin, in his lifetime, made any claim, whatever, that there was any mistake in the terms of the contract, although the "act for the widening of Broadway" was passed some three years prior to his death.

I cannot but come to the conclusion, that the evidence totally fails to show any mutual mistake in regard to the terms of this contract. It is more than probable that neither party

thought it of any consequence, or cared at the time of making the contract, whether the description carried the grant to the middle of Broadway or not. And I am unable to conclude from the evidence that Mr. Slevin, at the time of receiving the contract, supposed that the fee of the street was being conveyed.

The delivery of the title deeds, by Mrs. Heelas, does not at all militate with this conclusion, because nothing would be more natural than the handing over of all papers which might in any way aid in the investigation of the title of the premises contracted to be sold. It follows, that the defendants have failed to furnish that clear and convincing proof which is necessary to entitle them to a reformation of the contract and deed.

The case of *White's Bank of Buffalo* agt. *Nichols* (64 *N. Y.*, 65), would seem to define the rights of the parties under this contract.

The only other question to be considered, is that in relation to the $2,400. The version of that transaction, as given by the defendant Slevin, seems to me to be much more reasonable, and commends itself much more strongly to my judgment than the history of the transaction given by the Guests. It is also a significant circumstance that the plaintiff Francis B. Guest was never examined as a witness, although it was clearly foreshadowed by the pleadings that it was claimed that he had participated in this transaction relative to the extension of the mortgage. If he had been able to corroborate the other testimony upon the part of the plaintiffs, he certainly would have been examined as a witness. I think, therefore, that the defendants are entitled to have the $2,400, with interest, credited upon the mortgage.

The tender claimed by the defendants was not a good tender, because it was accompanied by a condition which was not called for by either the bond or mortgage, in payment of which the tender was made.

The plaintiffs are entitled to judgment accordingly.