CHAUNCEY KILMER, Respondent, *v.* JAMES H. SMITH et al., Appellants.

Defendant S. contracted to sell and convey to defendant D. certain premises subject to certain mortgages thereon. D. assigned the contract to plaintiff. S. executed a deed to plaintiff containing a clause, by the terms of which plaintiff assumed and agreed to pay said mortgages, which deed plaintiff accepted and put on record, in ignorance of the fact that said clause was contained therein, and supposing that the deed in that particular followed the terms of the contract; said clause was inserted also without the knowledge or consent of S. *Held*, that an action was maintainable to reform the deed by striking out said clause, on the ground that the insertion thereof was a fraud upon plaintiff. *Jackson* v. *Andrews* (59 N. Y., 244), distinguished.

(Argued March 27, 1879 ; decided May 20, 1879.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of the plaintiff, entered upon a decision of the court on trial at Special Term.    (Reported below, 11 J. & S., 461.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*Henry E. Davies & Everett P. Wheeler*, for appellants. Where a deed differs from a prior written contract there is no presumption that the whole agreement was expressed in the contract, and the deed will not be reformed unless it is shown clearly that both parties understood the actual agreement to differ from that expressed in the deed. (*Gillespie* v. *Moon*, 2 J. Ch., 596; *Denham* v. *Cornell*, 67 N. Y., 563; *Stone* v. *Browning*, 69 id., 598; *Jackson* v. *Andrews*, 59 id., 244, 247; *Souverbye* v. *Arden*, 1 J. Ch., 250; *Nevins* v. *Dunlap*, 33 N. Y., 676; Story's Eq., §§ 152, 157; *Baker* v. *Lever*, 67 N. Y., 304; *Masson* v. *Bovet*, 1 Den., 69; *Marquis of Townsend* v. *Stangroom*, 6 Ves., 328, 341; *Hinckley* v. *Smith*, 51 N. Y., 21; *Preston* v. *Morton*, 67 id., 452; *Reynolds* v. *Douglass*, 12 Pit., 497, 506; *Mead* v. *West. Ins. Co.*, 64 N. Y., 453; *Nevins* v. *Dunlap*, 33 id., 676; *Story* v. *Conger*, 36 id., 673; *Lyman* v. *Utica Ins. Co.*, 17 J. R., 373; *Cook* v. *Easton*, 16 Barb., 450; *Taylor* v. *Baldwin*, 10 id., 585; *Kent* v. *Manchester*, 29 id., 595; *Pennel* v. *Wilson*, 2 Robt., 509; *Moran* v. *McLarty*, 11 Hun, 66; *Maghan* v. *Hartford L. Ins. Co.*, 12 Hun, 322; *Wilson* v. *Randall*, 67 N. Y., 338, 342; *Beaumont* v. *Bramley*, 1 Tur. & Rus., 41; *Tain* v. *Old*, 1 Barn. & Cress., 634; *West* v. *Earnsey*, 1 P. Will., 349; 1 Story's Eq., § 160.) Equity would not have enforced specific performance of the written contract. (*Joynes* v. *Statham*, 3 Atkyns, 389; Fry on Spec. Perf., § 475, 486; *Coles* v. *Bowne*, 10 Paige, 526; 1 Story's Eq., § 134; *Martin* v. *Pycroft*, 2 DeG., McN. & G., 785; *King* v. *Hamilton*, 4 Peters, 311; 2 Kent, 482 [12th ed.].) Where no written instructions were given as to the preparation of the writings, parol evidence will be received as to the

intention of the parties. (1 Story's Eq., § 164, *f. e.*; *Price* v. *Sey*, 4 Giff., 235; *Page* v. *Leet*, 8 Paige, 337; Fry on Spec. Perf., §§ 1, 79.) Plaintiff's failure to read the deed was no excuse. (*Breeze* v. *U. S. Tel. Co.*, 48 N. Y., 139; *Kirkland* v. *Dinsmore*, 62 id., 171; *Phillip* v. *Gallant*, id., 256.)

*Walter S. Cowles*, for respondent. Taking a deed of real estate, subject to certain mortgages, does not bind the grantee to assume to pay the mortgages. (*Trotter* v. *Hughes*, 2 Ker., 74; *Belmont* v. *Cowan*, 22 N. Y., 438; *Ritter* v. *Phillips*, 53 id., 586; *Hamill* v. *Gillespie*, 48 id., 559; *Freeman* v. *Puld*, 44 id., 55; *M. H. and N. Co.* v. *Quintard*, 1 Swee., 101.) Plaintiff had a right to demand a deed without a clause making him liable under it, and he had a right in equity to enforce a specific performance of that demand. (*Hyde* v. *Tanner*, 1 Barb., 76; *Phœnix Ins. Co.* v. *Gurnee*, 1 Paige, 278; Will. Eq. Jur., 78.) Notice to plaintiff's counsel was not sufficient to bind plaintiff. (*Briose* v. *Pacific Mu. Ins. Co.*, 7 Daly, 249; *Welles* v. *Yates*, 44 N. Y., 529; *Bottsford* v. *McLean*, 45 Barb., 478, 487, 489.) Plaintiff had a right to rely on the statement of Smith that the deed was drawn up according to the contract. (*Mead* v. *Bunn*, 32 N. Y., 275.) The covenant complained of having been inserted by the fraud and deceit of defendant, and plaintiff having accepted the deed supposing it was drawn according to contract, the court properly corrected it by striking it out.) *Welles* v. *Yates*, 44 N. Y., 525; *Bottsford* v. *McLean*, 48 id., 383; *Rider* v. *Powell*, 28 id., 310; *Matteaux* v. *London Ins. Co.*, 1 Atk., 547; *Phœnix Ins. Co.* v. *Gurnee*, 1 Paige, 278; *Bloodgood* v. *Sears*, 64 Barb., 71; *Bidwell* v. *Astor Ins. Co.*, 16 N. Y., 262; *Wilson* v. *Van Pelt*, 2 N. Y. S. C., 414; *Ball* v. *Storie*, 1 Sim. & Stre., 210; *Briose* v. *Pacific Ins. Co.*, 4 Daly, 249; Willard's Eq. Jur., 79; *Cusistr* v. *Leavitt*, 15 N. Y., 163; *Bush* v. *Hicks*, 60 id., 32; 1 Story's Eq. Jur., § 115; *Hunter* v. *Rausmania*, 8 Wheat., 174.)

DANFORTH, J. This is an appeal from a judgment of the General Term of the Superior Court of the city of New York, affirming a judgment of the Special Term, after a trial before the court without a jury.

The plaintiff was the grantee in a deed of land on Seventy-seventh street, executed by the defendant Smith and wife, reciting a consideration of $105,000, in hand paid, dated April 30th, 1874, acknowledged on the first day of May, thereafter, and immediately recorded. The plaintiff did not sign the deed, but after the usual premises, including a description of the property granted, and the habendum clause ; were words declaring that the grant was subject to three mortgages which are therein particurlarly described, amounting in the aggregate to $75,000, and then followed these words : "which said three several mortgages, together with the interest thereon the party of the second part expressly assumes and agrees to pay off, and discharge, the same forming a part of, and having been deducted by the said party of the second part from the consideration of purchase money hereinbefore expressed."

This action was brought against the appellants and John A. Dake, and the mortgagees named in the three mortgages, for the purpose of having the clause above cited, stricken from the deed. The relief sought was granted. The trial court found that on the 14th day of April, 1874, the defendants James H. Smith, and John A. Dake, entered into an agreement in writing, by which Dake, as party of the first part, agreed to sell to Smith, certain premises known as No. 11 East Fifty-seventh street, in consideration of one dollar in hand paid, and the sum of $90,000 to be paid as follows, viz. : $30,000 by an existing mortgage for that amount, then a lien against the premises ; $30,000, by a deed of four lots of land in Seventy-seventh street, the premises in question, then owned by the party of the second part (Smith) subject to existing bonds and mortgages of $75,000 ; $30,000, at times specified, viz. : "$10,000, in cash May 1, 1874, $5,000 in four months from May 13, 1874, $15,000, in one year

from May 13, 1874, secured by bonds and mortgages executed by Smith at the time of the passage of title, on or before May 1, 1874. " It then provides that the party of the first part, (Dake) on receiving such payment shall convey the Fifty-seventh street property to Smith.

The trial judge also found that before the 1st of May, 1874, Dake for a good consideration, with the assent of Smith, assigned his interest in that part of the contract which provided for the conveyance of the Seventy-seventh street property, to the plaintiff Kilmer, and directed the deed thereof to be made to him, and Kilmer thereupon discharged a mortgage which he then held on Dake's property in Fifty-seventh street referred to in the contract. He also finds that neither Dake nor Kilmer, ever at any time agreed to assume or pay the three mortgages above specified, or either of them, or any part of either of them, and that the clause above quoted from the deed was inserted therein by the defendant Smith, without the knowledge or consent of Dake or the plaintiff, and that " the plaintiff took the deed, and caused it to be recorded in ignorance of the fact, that the said clause, or any clause or words of like import or effect was contained therein, and supposing and understanding that the said deed in that particular (as in all other respects) corresponded to the express terms of the said written contract, and the insertion of said words and clause above recited in said deed, was unauthorized by the terms of the contract, and was a fraud upon the plaintiff," and as conclusion of law that the plaintiff was entitled to judgment as demanded in the complaint ; that the deed he reformed and corrected by striking out the clause referred to.

Exceptions were taken to the findings of fact, but those findings were satisfactory to the General Term ; and our examination of the case, aided as we have been by a most able and elaborate argument by counsel of the respective parties, discloses none which has not evidence to sustain it. If, therefore, there has been error in weighing or considering it, it is not one which we can correct.

The deed was to be drawn in pursuance of the contract, and to carry out the bargain therein expressed. It is plain that the deed goes much beyond the contract, and imposes upon the plaintiff an obligation not suggested or warranted by the terms of the agreement. It is also apparent from the contract that at the time of its execution both parties understood the difference between a conveyance subject to a mortgage, and one with an agreement to assume and pay the mortgage. To warrant the imposition of such an obligation upon the plaintiff, required a new agreement or at least an assent on his part.

In this case there is not only no finding of such agreement or assent, but on the contrary, there is a finding that there was no agreement or assent by the plaintiff or his assignor, and further that the deed was taken by the plaintiff in ignorance, and upon the supposition that it was drawn in accordance with the contract. There is evidence which sustains this finding. The case is not to be regarded as one of mutual misunderstanding or mistake, but rather as a case where one party deliberately inserted in a deed, a covenant tending to his own advantage, and another's prejudice, and the latter in ignorance that the instrument contains the covenant accepts it as in fulfillment of a contract which requires no such stipulation. The denial of relief in such a case would be at variance with long established doctrines of courts of equity, and a reproach to the law itself. (Story Eq. Jur., vol. 1, § 138*c*.) It has therefore been held that the ignorant party is entitled to relief, notwithstanding the other acted advisedly, and upon full information, for that being admitted, there is fraud. (*Welles* v. *Yates*, 44 N. Y., 525 ; *Botsford* v. *McLean*, 45 Barb., 478 ; affirmed by Court of Appeals May, 1870 ; *Rider* v. *Powell*, 28 N. Y., 310.) The facts found by the trial court bring the parties within the principle established by the cases above cited. Nor do those referred to by the learned counsel for the appellants establish any different doctrine. The one most relied upon is *Jackson* v. *Andrews*, 59 N. Y., 244. In that the very element upon which the

decision in the case before us rests, was wanting. . GROVER, J., says; "To entitle the plaintiff to a reformation of the contract, he must prove that it was the intention of both parties to make a contract such as he sought to have established, and that this intention was frustrated, either from some fraud, accident, or mutual mistake of the parties."

In the case at bar the intention of both parties was to have the deed conform to the written contract ; that it did not so conform was owing to the fraud of one party, and the ignorance or misapprehension of the other. Other, and numerous authorities are cited for the appellants, in support of the doctrine that a court will be justified in modifying a written instrument upon the ground of mistake, only when it is mutual, but for reasons above stated, those cases do not apply to the one before us.

These views dispose of the principal question in the case, and, as we find no error in the rulings of the court upon the trial, or in the refusal of the trial judge to make additional findings, require that the judgment appealed from be affirmed.

All concur.

Judgment affirmed.