HENRY GRAUEL, RESPONDENT, *v.* MARY SOELLER, APPELLANT.

*Lease — description of the demised premises — misunderstanding as to the premises covered thereby by one party only — not a ground for its reformation.*

Upon the trial of an action, brought to recover the damages resulting from the alleged breach of a covenant of peaceable possession contained in a lease given by the defendant to the plaintiff, the alleged breach consisted in the defendant having, without plaintiff's permission, rented a portion of the demised premises to a third party. The lease demised "all that certain house and lot," known as the 'Island View Hotel,' for the term of five years from the first day of April, 1887. The hotel building was a double house with a veranda in front, and the veranda roof was extended at the sides so as to cover a room at one end, which was used as a barber-shop, and a room at the other end, which was used as a billiard-room.

Upon the trial evidence was given by both parties upon the question whether the barber-shop was reserved when the lease was given, and the jury found that it was not expressly reserved, but that the landlord intended to reserve it, and that the tenant supposed he got it, and that, in point of fact, the barber-shop was part of the "Island View Hotel."

*Held*, that as there was no reservation outside of the lease, and the lease, by its description of the property, included the barber-shop, there was no mutual mistake; and that the fact that the contract did not by its terms express the defendant's views was no defense to the action.

APPEAL from a judgment recovered at the Kings County Circuit, which was entered in the office of the clerk of Kings county on December 8, 1888, in favor of the plaintiff; and, also, from an order denying the defendant's motion for a new trial, made on the minutes of the justice presiding at the trial, which was entered in the same office on the same day.

The action was brought by the plaintiff to recover damages alleged to have been caused by the defendant's breach of a covenant for peaceable possession contained in a lease, which was dated January 19, 1887, and demised to the plaintiff for the terms of five years from the first day of April then next, "all that certain house and lot known as the Island View Hotel, situate in the town of Gravesend, at Sheepshead Bay, between the Brighton and Manhattan Beach railway crossing, with the appurtenances."

*Carpenter & Roderick*, for the appellant.

*Albert A. Abbott*, for the respondent.

Barnard, P. J.:

On the 19th day of January, 1887, the defendant gave a written lease to the plaintiff of premises described therein as follows · "All that certain house and lot known as the 'Island View Hotel' for the term of five years from the 1st of April, 1887." The hotel build. ing is a double house with a veranda in front, and the veranda roof is extended at the sides so as to cover a room, which is the barbershop, at one end of the house, and at the other end to cover a room used as a billiard room. The controversy is about the barber-shop. The proof was conflicting whether the barber-shop was reserved when the lease was given.

The jury have found that it was not expressly reserved, but that the landlord intended to reserve it, and the tenant supposed he got it, and that, in point of fact, the barber-shop is part of the "Island View Hotel." The reception of the fact that a barber-shop was necessary to the hotel was proper. The question was whether the plaintiff hired the barber-shop. The refusal of the court to permit the defendant to testify to her instructions, given to Mr. Burgess in regard to the lease, was subsequently cured by admitting rejected testimony. She testified that she told him that the lease was to be for five years, payment in three terms, without the barber-shop. The case became, then, a simple one. There was no reservation outside of the lease. The lease included the barber-shop by its description of the property, and the defendant didn't intend to give a lease of the barber-shop. There was no mutual mistake. The contract did not express the defendant's view of its terms. This is no defense to the contract. (*Jackson* v. *Andrews*, 59 N. Y., 244.) The form of the action is not objectionable; the facts are stated; the averment is that the defendant rented premises to plaintiff at a designated rent, and, without plaintiff's permission, rented out a portion of it to a third party as her tenant. The answer denied the leasing of the barber-shop, and asked a reformation of the contract to make it express the agreement between the parties. There was no error in refusing to charge upon the effect of the covenant that the lessee should not underlet the premises, or any part thereof,

as bearing upon the disputed question of fact whether the barber-shop was reserved or not. We think the trial judge was right, and that it had no bearing on the case.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.