## PAISLEY *v.* CASEY.

*(Common Pleas of New York City and County, General Term.* December 7, 1891.)

**1. GENERAL AND SPECIAL FINDINGS.**
A general finding by a judge, at variance with the specific facts found, must be disregarded.

**2. SAME.**
Where, in an action to reform a contract, special findings by the court that plaintiff agreed to pay defendant $4,213 for repairs on plaintiff's premises; that, by an error of the draughtsman, the sum was stated in the contract as $5,213; and that plaintiff executed it in ignorance of the mistake,—are amply supported by the evidence, and the court refuses to find that defendant knew of the error, or was guilty of any fraud, it is a necessary inference that defendant executed the contract under a mistake, and a general finding that the evidence failed to establish any mutual mistake will be disregarded.

**3. REFORMATION OF CONTRACT—VARIANCE.**
Where the complaint alleged that the contract was executed by plaintiff under a mistake, and by defendant with fraudulent knowledge, proof that it was executed under a mutual mistake was not a material variance, under Code Civil Proc. § 539, providing that a variance between a pleading and the proof is not material, unless it has actually misled the adverse party to his prejudice.

**4. SAME—LACHES.**
The fact that plaintiff was negligent in failing to discover the error before signing was no bar to his relief, where defendant was in no way prejudiced by such negligence.

Appeal from special term.

Action by John Paisley against Richard H. Casey to reform a contract whereby plaintiff agreed to pay defendant $5,213 for alterations and repairs on plaintiff's premises. Judgment directing the amount to be reduced to $4,213, and that plaintiff recover $1,000 paid to defendant by mistake. Defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*David Leventritt,* for appellant. *Jeroloman & Arrowsmith,* for respondent.

BISCHOFF, J. To entitle a party to the reformation of a written contract, it is incumbent upon him to show affirmatively either that it was executed, in respect to some material matter therein omitted or contained, under a mutual mistake, or that one of them executed it, in respect to such matter, under a mistake, and that the other was guilty of fraud or other unconscionable conduct at the time of execution by him. 3 Pom. Eq. Jur. §§ 845, 1376; *Avery* v. *Assurance Soc.,* 117 N. Y. 451, 458, 23 N. E. Rep. 3; *Born* v. *Schrenkeisen,* 110 N. Y. 59, 17 N. E. Rep. 339; *Savings Inst.* v. *Burdick,* 87 N. Y. 40; *Paine* v. *Upton,* Id. 327; *Kilmer* v. *Smith,* 77 N. Y. 226; *Lanning* v. *Carpenter,* 48 N. Y. 409; *Pitcher* v. *Hennessey,* Id. 415. In the present case the complaint was grounded upon the mistake of the plaintiff, and the alleged inequitable conduct of the defendant, in that he executed the contract sought to be reformed, knowing at the time that the sum of $5,213, instead of $4,213, was erroneously therein stated to be payable to him for the improvements to be made by him to plaintiff's premises; such conduct, if proved, being fraud. It does not appear that the trial judge found the fact of such knowledge or other inequitable conduct on the part of the defendant, nor did he find that defendant did not have such knowledge, or that he was not guilty of other inequitable conduct, in and about the execution of the contract by him; and while in such a case the appellate court may, if the evidence would warrant it, presume in support of the judgment that a fact essential to uphold it was found and considered by the trial judge, but omitted from the findings appearing, (*Sheldon* v. *Sherman,* 42 N. Y. 484, 489; *Meyer* v. *Lathrop,* 73 N. Y. 315, 321; *Hays* v. *Miller,* 70 N. Y. 112, 116; *Grant* v. *Morse,* 22 N. Y. 323; *Rider* v. *Powell,* 28 N. Y. 310; *Doty* v. *Carolus,* 31 N.

Y. 549; *Oberlander* v. *Spiess*, 45 N. Y. 175,) we are precluded from affording the plaintiff the advantage of such a presumption, because of the presence in the case at bar of the refusal of the trial judge to find, as propositions of fact established by the evidence presented on plaintiff's behalf, that the defendant knew of the error, or was otherwise guilty of fraudulent conduct, when he executed the contract, (*Meyer* v. *Amidon*, 45 N. Y. 169,174; *Comstock* v. *Ames*, 1 Abb. Dec. 411. It is clear, therefore, that, unless the findings appearing in the case present some other ground which supports the conclusion that plaintiff is entitled to the relief accorded him below, the judgment now appealed from must be reversed. We are of the opinion that the specific facts found, and which upon examination appear to be abundantly supported by evidence of the conclusive character required in actions of this kind, in the absence of knowledge of the error or other fraudulent conduct of the defendant at the time of the execution of the contract by him, present such other ground, and admit, seemingly, of no other rational deduction than that the contract was executed by both parties under a mutual mistake concerning the sum therein mentioned as payable to the defendant. These specific facts are that the parties to this action, prior to the execution of the contract by each of them, orally agreed and arranged that it should be drawn up and prepared for their signature by the architect, and should fix $4,213 as the sum to be paid by plaintiff to the defendant; that at no time were the terms of that oral agreement and arrangement departed from by either party; that, through the error of the draughtsman employed by the architect, the sum was stated in the contract at $5,213; that both parties executed the contract, and that plaintiff did so in ignorance of the error, and believing the contract to be in every respect in accord with the terms of the oral agreement. Now, if it be, as we must assume from the absence of anything appearing to the contrary, that defendant did not know of the error and was not guilty of other fraudulent conduct when he executed the contract; if he agreed, as found by the trial judge, to make a contract at $4,213, and directed it to be so drawn up; if the sum of $5,213, instead of $4,213, was stated in the contract through an error by the draughtsman, and plaintiff executed the contract under a mistake as to the sum therein mentioned,—how did the defendant execute it, if not also under a like mistake? We do not lose sight of a general finding, made at the request of the defendant, "that the evidence presented upon the trial of this cause does not establish any mutual mistake upon the part of the plaintiff and defendant;" but it is a well-defined rule governing the construction of the report of the referee, or the decision of a trial judge, that a general finding at variance with the specific facts found must be disregarded, (*Bennett* v. *Buchan*, 76 N. Y. 386; *Phelps* v. *Vischer*, 50 N. Y. 69;) and in the application of this rule the general finding referred to is rendered impotent for the purposes of reversal.

Neither did the proof of mutual mistake in the execution of the contract constitute a variance of so grave a character between it and the allegations of the complaint as to amount to a failure of proof. Plaintiff did not establish his cause of action in all the details in which it was alleged, but he nevertheless substantiated his right to have the contract set forth in the complaint reformed in the particulars mentioned in his prayer for relief. This, under the provisions of the Code of Civil Procedure, §§ 539[1]–541, was at most a variance between the pleadings and the proof, which, if material, was amendable, and, if immaterial, could have been disregarded, and the fact found according to the evidence. That it was not material in the case before us is plainly discernible from the fact that the evidence required to prove a mutual mistake of the parties was necessarily embraced in that required to establish

---

[1] Code Civil Proc. § 539, provides: "A variance between an allegation in a pleading and the proof is not material, unless it has actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits."

the mistake of the plaintiff, and execution with knowledge of the error by the defendant; that it was therefore relevant to the issues created by the pleadings; and that for that reason the defendant was not, and did not claim to have been, misled or surprised by its introduction at the trial.

Pursuant to defendant's further request, the trial judge found as matters of fact established by the evidence that plaintiff had ample opportunity for the inspection of the contract before its execution by him; that, with the exercise of ordinary diligence, plaintiff could have discovered the discrepancy between defendant's written offer and the contract; and that the plaintiff was negligent in that he failed to make such discovery. It does not, however, appear that in consequence of such negligence the defendant's condition was altered in any respect, or that he sustained any loss, or was prevented from making any gain, or that upon the reformation of the contract as he, as well as the plaintiff, intended to make it, and the return of the sum paid him in excess of the sum he expected to receive for the improvements to plaintiff's premises, he would not now be in precisely the same condition in which he would have been had the contract originally been executed as the parties intended. In such a case plaintiff's negligence should not be a bar to his relief, nor should the defendant be permitted to avail himself thereof to his unconscionable advantage by insisting upon the performance of a contract neither intended to make, (*Savings Inst.* v. *Burdick*, 87 N. Y. 40; *Andrews* v. *Gillespie*, 47 N. Y. 487; *Kilmer* v. *Smith*, 77 N. Y. 226,) or to retain the moneys to which he had no claim of right, and which he knew or ought to have known were paid to him under mistake, (*Lawrence* v. *Bank*, 54 N. Y. 433; *Union Nat. Bank of Troy* v. *Sixth Nat. Bank of N. Y.*, 43 N. Y. 452; *Mayer* v. *Mayor, etc.*, 63 N. Y. 455.)

We have considered the several exceptions to the trial judge's rulings respecting the evidence, and urged on this appeal for reversal, but are unable to agree with counsel for appellant that they, or any one of them, present error. The judgment should be affirmed, with costs. All concur.