## DE CERNEA v. CORNELL et al.

(Common Pleas of New York City and County, General Term. April 3, 1893.)

1. CUSTOM AND USAGE—EVIDENCE.

In an action for damages for breach of a contract to furnish a certain number of reams of paper, of a certain size, at a fixed price, evidence of a custom of trade to use a smaller size of paper as a basis from which to calculate the cost of larger sizes, the price of which smaller size, it was alleged, became inserted in the contract as the price of the larger size, was admissible to show that plaintiff acted fraudulently in inserting in the contract the price of the smaller size in place of the proper price, calculated from that as a basis, of the larger size, called for by the contract.

2. SAME—KNOWLEDGE OF CUSTOM.

The fact that plaintiff had been engaged in the paper business for a number of years preceding the execution of the contract in question, established presumptively, at least, his knowledge of any well-known and prevalent custom in that trade, and his denial of such knowledge, being that of a party in interest, was not conclusive.

3. FRAUD—TERMS OF CONTRACT—EVIDENCE.

Plaintiff admitted that, at the time of the execution of the contract, he knew that the actual cost at the mill of paper of the size therein described was over 19 cents per ream,—the price named in the contract,—and he believed it was over 30 cents, and defendant's agent testified that at no time during the interview with plaintiff which culminated in the execution of the contract was the size of paper that was put in the contract mentioned; that plaintiff drafted the proposed contract in an adjoining room; and that witness indorsed defendant's acceptance thereon without reading it, under pressure of plaintiff's extreme urgency for celerity in the shipment of the paper. The agent's testimony also developed the fact of the usage contended for. *Held,* that the evidence was sufficient to have justified a finding that the execution of the contract by defendant's agent was the result of deception practiced by plaintiff.

Appeal from city court, general term.

Action by Albert de Cernea against Russell R. Cornell and Theodore H. Ward to recover damages for defendants' refusal to perform a contract, in writing, for the sale and delivery of paper; the alleged damages being the difference between the agreed price, and the amount paid by the vendee, in open market, for paper of like quantity and quality. From a judgment of the general term of the city court, (20 N. Y. Supp. 895,) which affirmed a judgment for plaintiff entered upon a verdict directed by the trial court, defendants appeal. Reversed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

Reeves & Todd, (Alfred G. Reeves and George G. Beattys, of counsel,) for appellants.

Edward Wells, Jr., for respondent.

BISCHOFF, J. Plaintiff sought to recover damages alleged to have accrued to him from defendants' breach of a contract, in writing, whereby they bound themselves to sell and deliver to him 1,000 reams of baker's light straw paper, 20x30, 16 pounds to 400 sheets, at 19 cents per ream. The defense was that, by general usage in the paper trade, a ream 15x20 is accepted as of standard size, and which size serves as the common multiple for calculating the cost of a ream of different size, and that, in quoting

the cost of paper for the purposes of purchase and sale, reference is invariably had to this common multiple; that with knowledge of the fact of this usage, and of the further fact that, in offering to supply plaintiff with the paper described in the contract at 19 cents per ream, defendants' agent referred to the cost of a ream of standard size, plaintiff, in reducing the terms of the oral agreement to writing, fraudulently stated the cost per ream of paper of the size therein described to be 19 cents, and that defendants' agent, without reading the proposed contract, executed it, believing it to state the terms of the oral agreement correctly.

Unquestionably, the facts pleaded as a defense in this action, if sufficiently established on the trial, would have afforded ample ground for rescission of the contract in equity, in an action for that purpose, and would have constituted a good defense to an action in equity brought to enforce a contract which was entered into under like circumstances. The rule which refuses relief for neglect or omission to read a contract, before it is executed, to a party thereto, though it appears that he executed the contract under a mistake of fact or misapprehension respecting its terms, applies where the other of the contracting parties intended to make the contract as it was executed, and was himself free from any fault by which the party seeking relief was misled or deceived, but does not extend to the case where the party insisting upon the contract as it was executed cannot be injured by the granting of relief to the other, or where the denial of relief to the party misled will enable the other to retain an unconscionable advantage, which was secured by the perpetration of a fraud, or the practice of an imposition or deceit, at the time of the execution of the contract. Paisley v. Casey, (Com. Pl. N. Y.) 18 N. Y. Supp. 102; Fulton v. Insurance Co., (Com. Pl. N. Y.) 19 N. Y. Supp. 660. True, the court below, being without the powers of a court of equity, could not award defendants affirmative equitable relief; but by express provision of the Code of Civil Procedure, (section 507,) defendants were enabled to avail themselves of the same defenses which they might have interposed had this action been brought in a court of equitable jurisdiction. Evidence of the fact of the usage above mentioned was therefore competent, and material to the defense, and its exclusion by the trial court, under plaintiff's objection, error.

Again, it was error for the trial court to direct a verdict for plaintiff, against defendants' objection, and against the request of their counsel that the question of fraud be submitted to the jury. It appeared from plaintiff's own testimony that he had been engaged in the paper trade for a number of years immediately preceding the execution of the contract in question, and this fact presumptively, at least, established his knowledge of any well-known and prevalent custom or usage in that particular trade. Harris v. Tumbridge, 83 N. Y. 92; Dickinson v. Poughkeepsie, 75 N. Y. 65; Walls v. Bailey, 49 N. Y. 464; 2 Rice, Ev. p. 906, etc. His denial of any such knowledge was that of a party in interest, and so not conclusive. Elwood v. Telegraph Co., 45 N. Y. 549; Kavanagh v. Wilson, 70 N. Y. 179; Gildersleeve v. Landon, 73 N. Y. 610; Railroad Co. v. Strong, 75 N. Y. 592; Koehler v. Adler, 78 N. Y. 291; Wohlf-

ahrt v. Beckert, 92 N. Y. 497; Munoz v. Wilson, 111 N. Y. 300, 18 N. E. Rep. 855; Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. Rep. 402. He admitted that, at the time of the execution of the contract, he knew the actual cost at the mill for paper of the size therein described to be over 19 cents per ream, and believed it was over 30 cents, while Arnold (defendants' agent) testified that at no time during the interview with plaintiff which culminated in the execution of the contract was the size 20x30 mentioned; that plaintiff himself drafted the proposed contract in an adjoining room; and that he (the witness) indorsed defendants' acceptance thereon, without reading it, under pressure of plaintiff's extreme urgency for celerity in the shipment of the paper. Arnold's testimony, furthermore, developed the fact of the usage contended for. These facts, beyond peradventure of doubt, would have justified a finding that the execution of the contract by defendants' agent was the result of trick and deception practiced by plaintiff. The court below seems to have disposed of the case under a mistaken view that evidence of the usage was sought to be introduced on defendants' behalf to vary the terms of the contract, and so excluded it, on application of the familiar rule which precludes the impairment of the legal effect of a written instrument by parol evidence; but it is apparent that the office of the proffered evidence was to impeach the contract for fraud, and no question can arise respecting its admissibility for that purpose. Browne, Par. Ev. p. 67. The judgment of the general and trial terms of the court below should be reversed, and a new trial had, with the costs of this appeal to the appellants, to abide the event. All concur.