(7 Misc. Rep. 590.)

## CURTIS v. GILES et al.

(Superior Court of New York City, Equity Term. March, 1894.)

1. EQUITY—REFORMATION OF CONTRACT—MISTAKE.

An agreement between plaintiff and defendant recited that it was the desire of the parties "that all matters in dispute between them be adjusted and finally settled," and stated that all rights of action were thereby discharged. Plaintiff was named in the contract both as trustee and individually, and he signed the contract in both capacities. The contract, which was read by plaintiff and his lawyer before execution, contained certain reservations and exceptions, but the individual claims of plaintiff against defendant were not mentioned. *Held*, that reformation so as to include in the exceptions the individual claims of plaintiff against defendant would not be decreed on the ground of mutual mistake.

2. SAME—EVIDENCE.

A contract will not be reformed on the ground of mutual mistake unless the evidence is clear and convincing.

Action by Benjamin L. Curtis, individually and as trustee, against William Ogden Giles and others, to reform a contract. Complaint dismissed.

C. C. Leeds, for plaintiff.

Robertson & Harmon, for defendants.

McADAM, J. Where there is error in reducing an agreement into writing, so that the written instrument fails, through some mistake of the draughtsman, to represent the real contract of the parties, or omits or contains terms or stipulations contrary to the common intention, equity may reform the instrument so as to make it conformable thereto. This is elementary, but the proofs fail to bring the present action within the rule stated. The plaintiff has also failed to establish a case of mutual mistake, or of mistake on his part, and fraud on the part of either of the other parties to the contract, which seems to have been drawn with unusual care and particularity, even as to details. It expresses "the desire of all the parties thereto that all matters in dispute between them be adjusted and finally settled," and the eighteenth paragraph contains, in writing, the wordy phraseology of the usual printed general release, which, after enumerating every conceivable right of

action, including bills, agreements, promises, and the like, discharges all such rights from the beginning of the world to the date of the agreement. The relief sought by the present suit is the introduction into the release of words excepting from its operation all demands held by the plaintiff individually against William O. Giles, one of the parties to the instrument. The contract is executed by the plaintiff both as trustee and individually, and he is described therein both in his individual and representative capacity. The intention to discharge individual as well as trust claims is apparent throughout. Everything is expressed to the most minute detail, even to conditions, reservations, exceptions, and the like, but it is significantly silent in respect to the matters now sought to be interpolated. The plaintiff, who is a lawyer, read the paper; his friend, Mr. Keasbey, also a lawyer, read it; and it is apparent that it was executed understandingly, without any fraud or artifice to induce its execution. The defendant William O. Giles occupied no confidential relation to the plaintiff, and owed him no active duty. He was not bound to instruct the plaintiff as to the legal effect of the instrument, for he, as a lawyer, was presumed to understand this as intelligently as any of the parties to it. The parties interested were making for themselves the best terms they could, and in consummating the arrangement it was obviously every one for himself. There had been no judicial settlement of the estates represented by the plaintiff for years past previously, the amount involved was large, and the plaintiff fearful of trouble, and anxious to relieve his mind from the worry and care of the situation. The plaintiff, in the numerous consultations leading to the agreement, never referred to his individual claims against Giles. These seem to form the smallest part of his anxiety. He never asked to have them excepted from the operation of the agreement, though he, as a lawyer, must have known that they were discharged under and by force of its terms. There is no proof that the agreement executed differs from that agreed upon, or that Giles would ever have consented to it with the proviso in, which the plaintiff now seeks to have inserted. The plaintiff does not ask to rescind the contract by restoring all the parties to their former rights, but desires to amend it in a manner favorable to himself. He ought to have suggested this amendment at the time, that it might have been discussed, and some decision reached concerning it. In the absence of fraud, a party cannot obtain reformation of a contract because it is not as he wanted it, but as the other intended it to be, nor because the effect proved different from what he supposed, when it was just what the other party supposed and intended it to be. Equity may right wrong, but there is nothing for it to operate upon in the cases put. The mistake to be corrected must be one of fact, and not of law. "Ignorantia juris non excusat." Pom. Eq. Jur. § 842.

Stress is laid on the omission of Giles to ask the plaintiff for the return of his note. It was past due at the time the release was signed, and was a mere evidence of debt, which the release operated

upon and canceled as effectually as a surrender would have done. While equity will give effect to the mutual understanding and intention of parties, and reform written agreements to conform thereto, it cannot make new contracts for parties against their will. These conclusions find warrant in Paine v. Jones, 75 N. Y. 593; Mead v. Insurance Co., 64 N. Y. 453; Ranney v. McMellen, 5 Abb. N. C. 246; Berringer v. Schaefer, 52 How. Pr. 69; Moran v. McLarty, 11 Hun, 66, affirmed, 75 N. Y. 25; Wilson v. Deen, 74 N. Y. 531; Avery v. Society, 117 N. Y. 451, 23 N. E. 3; Kent v. Manchester, 29 Barb. 595; Stoddard v. Hart, 23 N. Y. 556; Halliday v. White (Sup.) 21 N. Y. Supp. 878; Paisley v. Casey (Com. Pl. N. Y.) 18 N. Y. Supp. 102; Kelsey v. McNair (Sup.) 11 N. Y. Supp. 804. The court finds that there was no recognition of liability by Giles after the release was executed. In this class of cases the plaintiff's proofs must be clear and convincing. Pom. Eq. Jur. § 859; Ranney v. McMellen, 5 Abb. N. C. 246; Mead v. Insurance Co., 64 N. Y. 453; Miaghan v. Insurance Co., 12 Hun, 321; Stryker v. Schuyler (Sup.) 3 Supp. 513; Sidway v. Sidway (Sup.) 7 N. Y. Supp. 421. The proofs furnished are not of that persuasive character. For the reasons stated, the court decides that there is no equity in the bill, which must be dismissed, without costs.