(10 Misc. Rep. 134.)

### PAGE et al. v. METROPOLITAN EL. RY. CO. et al.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

APPEAL—REVIEW—EVIDENCE TO SUPPORT A CONCLUSION OF LAW.
Where all the evidence is contained in the appeal book, the appellate court may examine the evidence to support the conclusions of law.

Appeal from equity term.

Action by Caroline Grace Page and others against the Metropolitan Elevated Railway Company and another to enjoin defendants from the further maintenance and operation of their elevated railroads in front of plaintiffs' premises, known as "No. 972 Second Avenue," and for damages to said premises. There was a judgment in favor of plaintiffs, and defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Julien T. Davies and Brainard Tolles, for appellants.
William N. Cohen and William H. Page, Jr., for respondents.

BISCHOFF, J. But one point is urged upon this appeal, and this relates to the court's award of fee damage, in view of the findings of fact, which, it is claimed, render the judgment erroneous upon any method of computation. Upon the evidence adduced the amount of damage was to be arrived at through a comparison between the value of the premises in 1873 and their value at the present date, making allowance for wear and tear of the building, and holding in view the general increase of 50 per cent. upon land values in the vicinity. It was, perhaps, also possible to arrive at a conclusion in this regard by computing the differ-

ence between the rental value at the present time and a nominal rental value, availing of a proven ratio of rental to fee values. The arguments of counsel are based, respectively, upon a divergence as to their basis of calculation by either method; and this is principally due to the fact that the finding of the court, in certain instances, declared the values to be "about" a given sum, which language the appellants take to intend an express finding of an exact amount, while the respondents contend that a larger value, as proven, may well be taken as found. Where the court at general term has the facts of the case before it, all the evidence being contained in the appeal book, support for the conclusions of law may be sought upon the evidence, unless the trial court or referee has, by an express finding or ruling, concluded questions essential to the judgment against the respondent. Paisley v. Casey (Com. Pl. N. Y.) 18 N. Y. Supp. 102; Porter v. McGrath, 41 N. Y. Super. Ct. 84. The finding that the value of the premises in the year 1873 was "about $15,000"—the exact words of defendants' expert—is not in conflict with the evidence that the precise sum paid as consideration for the sale of the property at that time was $15,250, which would seem to have been the basis upon which the court's computation was founded. Upon this basis the award of fee damage of $1,400 finds support, and in no way is in conflict with the other findings made. The evidence shows that the value of the land at the period considered could be taken as $8,000, leaving the sum of $7,250 to represent the value of the building. Deducting from this last sum the decrease in value by reason of wear and tear, shown to be $1,500, and allowing 50 per cent. for increase of land values, we have the following result:

| | |
|---|---:|
| Original value of property (1873) | $15,250 |
| Value of land (1873) | 8,000 |
| Value of building (1873) | 7,250 |
| Building, with deduction | $5,750 |
| Value of land and increase | 12,000 |
| Normal value | $17,750 |
| Present value | 16,125 |
| Decrease | $1,625 |

—Which sum, less a reasonable deduction for benefits, as found generally by the court, would justify the finding as to damage which was made. The judgment should be affirmed, with costs. All concur.