## RABY v. GREATER NEW YORK DEVELOPMENT CO.

(Supreme Court, Appellate Division, Second Department.  May 24, 1912.)

1. REFORMATION OF INSTRUMENTS (§ 19*)—CONTRACTS TO CONVEY—RIGHT TO RELIEF.

A vendor is not entitled to reformation of an executory contract to convey so as to provide for a restriction in the deed against the building of a two-family house, where the purchaser had no notice that any restriction would be imposed, though it was the vendor's uniform practice to impose such restriction in selling other lots in the same tract.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. § 19.*]

2. JUDGMENT (§ 19*)—SUPPORT BY PROOF.

In an action to specifically perform a contract to convey and for damages for delay in performance, it was improper to award, as damages for delay in conveying, interest on the value of the premises, where there was no admission in the pleadings and no evidence justifying the finding of such value.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 19.*]

Appeal from Special Term, Kings County.

Action by Pierre A. Raby against Greater New York Development Company.  Judgment for plaintiff, and defendant appeals.  Modified and affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Dallas Flannagan, of New York City, for appellant.

W. R. Spooner, of New York City, for respondent.

·· JENKS, P. J. [1] The defendant appeals from the judgment that it perform a contract to convey land and pay damages for its delay. The defendant, owner of a tract of land, employed a firm of real estate dealers to sell it. This firm laid out the tract in lots, blocks, and sections, and its general scheme involved the restriction upon building two-family houses along certain streets. The land purchased by this plaintiff was situate upon such a street. When the plaintiff had performed, the defendant tendered a deed that contained a restriction of this character, which was refused as not in accord with the agreement of sale. The defendant does not deny that such agreement did not provide for a deed with this restriction, but it asks first for reformation of the agreement and then for performance of it.

These agents of the defendant used printed blanks for their sales, and the form of agreement used in this case provided that upon performance ·by the plaintiff the premises would be conveyed to the purchaser by a deed "hereto annexed, or a true copy thereof, * * * which is hereby made a part of this contract." "This contract" in itself contained no reference to the said restriction, but the deed "hereto annexed" was a printed blank, that contained the following printed words:

"That neither said party of the second part, ——— heirs or assigns, will erect or permit on any part of the herein described premises any building except a detached dwelling house, and no such dwelling house shall be built for use and occupancy of more than two families, except as hereinafter provided, and shall cost not less than ——— dollars, if built for use and occupancy of one family only; or if built as a double house, for use and occupancy of two families, or as a double tenement, it shall cost not less than ——— dollars."

The practice of the grantor, when it intended to restrict in the respect which I have mentioned any particular land sold, was to strike out the words "two families," in the sentence "and no such dwelling shall be built," etc., and to substitute therefor the words "one family." This was not done in the said deed annexed to the agreement in this case. Lines were drawn through the sentence beginning, "or if built as a double house," inclusive of the words "it shall cost not less than ——— dollars." Thus the deed referred to and made part of the contract as the contemplated instrument of conveyance permitted this plaintiff to build a two-family house and without restriction as to the minimum cost. Doubtless the defendant, in accord with its general scheme, intended to provide for the restriction in this sale, and doubtless its neglect to do so was due to the inadvertence or carelessness of its servants. But although the written memorandum or agreement preliminary to the contract thereafter executed provided that the sale was "upon the regular terms and conditions established by said firm for said property," it also provided "and is to be covered by their regular form of agreement, which is to be executed by both parties as soon as prepared." This "agreement," afterwards executed, was the contract which contained the proposed deed and which is relied upon by the plaintiff.

I think that this "agreement" must be regarded as the final writing which expressed the mutual obligations of the parties. The Special

Term has found that this agreement did not embody the restriction, and that the plaintiff knew of this circumstance when he executed it. Moreover, the plaintiff testifies without objection that he did not ask any question and that nothing was ever said to him at any time upon the subject of any restriction. There is no proof of any overreaching on his part or of any attempt thereat or of his knowledge, actual or imputable, that there was such a restriction to be put upon this land. The full probative force of the defendant's testimony is that there was a mistake on its part, in that it should have provided for this restriction on account of the relative location of this land. The court can only act in reformation upon "substantial and most convincing proof" (Christopher St. Railroad Co. v. Twenty-Third St. Railroad Co., 149 N. Y. 51, 43 N. E. 538) that it was the intention of both parties to make the agreement as reformation would have it, and that this intention was frustrated by fraud, accident, or mutual mistake. It is not enough, therefore, to show the intention of one party. The court will not reform if the negligence of the party asking relief was the cause of the mistake. Jackson v. Andrews, 59 N. Y. 244; Avery v. Equitable Life Assur. Society, 117 N. Y. 451, 23 N. E. 3; Braman v. Bingham, 26 N. Y. 483. If the mistake was due to the error of the defendant's servants, draftsmen, or scriveners, the defendant cannot invoke the rule of Born v. Schrenkeisen, 110 N. Y. 55, 17 N. E. 339, and like cases, for the reason that such rule but obtains after it has been established that there was no mistake in the agreement itself. The prayer for reformation was properly denied.

[2] But the learned court found damages determined by the legal interest upon $3,500, the reasonable value of the premises for a period subsequent to the time when the defendant should have performed. As there is no admission in the pleadings and no evidence in the record which justifies the finding of such value, this feature of the judgment cannot be approved.

The judgment therefore must be modified by striking out the provision for damages, and as so modified affirmed, without costs.